## CITIZENS BANK v. P. A. LANGFORD.

Middle Section.    November 22, 1927.

No petition for Certiorari was filed.

1. **Bills and notes.    Evidence.    Under plea of non est factum the burden is on complainant to show note properly executed.**
     In an action to recover on a note where the answer was a plea of non est factum, held, under a familiar rule of law and practice the defendant's plea of non est factum cast the burden on the complainant to show that the note in suit was executed by the defendant, or by someone authorized to bind him in the premises.

2. **Evidence.    Presumptions.    Party's failure to disclose circumstances peculiarly within his knowledge creates a presumption against him.**
     In an action on a note where the defendant denied the authority of his father to execute the note for him, and the father was dead, and the defendant did not take the stand and deny that his father had authority to execute the note, held in view of the pregnant circumstances disclosed by the proof, it will be presumed that evidence which defendant had in his keeping, but withheld, would, if produced, have been against his interest.

3. **Appeal and error.** Court may consider party's failure to disclose facts within his knowledge in determining whether there was evidence to support the verdict below.

Where the defendant failed to take the stand and deny that his father had authority to execute a note in his name, held that the failure of the defendant to disclose the facts which he must have known raised an inference which the Chancellor could rightly consider in reaching his conclusions and which the appellate court may rightly consider in ascertaining whether there is any evidence reasonably tending to support the finding of the Chancellor, sitting as a jury.

Appeal from Chancery Court, Trousdale County; Hon. W. R. Officer, Chancellor.

Affirmed.

J. D. Hankins, of Hartsville, for appellant.

Russell Wright, of Hartsville, for appellee.

FAW, P. J. The Citizens Bank, a Tennessee corporation, engaged in the banking business at Hartsville, Tennessee, brought this suit on May 15, 1924, by bill in the chancery court of Trousdale county, against P. A. Langford, seeking to recover the amount of a promissory note for $1060, dated January 1, 1921, and payable on demand, less a payment thereon of $162.35 made on June 2, 1923. It is alleged in the bill that the note sued on was executed and delivered to complainant by defendant; that demand was made on the defendant for payment, but that, after crediting the aforementioned payment, the balance of the note and interest is unpaid and long past due.

The defendant filed a plea of non est factum, viz: that the note on which complainant's bill is founded was not executed by defendant nor by anyone authorized to bind him in the premises. This plea was duly verified by the oath of the defendant.

Complainant demanded a jury, but later the jury was waived and the case was tried on oral testimony of witnesses by the Chancellor sitting as a jury. The Chancellor found the defendant liable on the note sued on, and decreed that complainant recover of defendant the sum of $1310.86, note and interest, and $131 attorney's fees provided in the note, and the costs of the cause, for all of which execution was awarded.

A motion for a new trial on behalf of defendant was overruled, and defendant appealed to this court and, through a single assignment of error, he asserts that "there is no evidence upon which to support the judgment and verdict of the court."

The evidence in the case consists of the testimony of two witnesses introduced and examined on behalf of the complainant. All of the evidence is incorporated in the bill of exceptions, which we here copy in full, as follows:

"On the trial of this cause, the following evidence was submitted to the court.

"W. A. Oglesby being introduced on behalf of the complainant:

"I am fifty-five years of age and live in Hartsville, Tenn., I was cashier of the Citizens Bank from 1917, to 1926, and was assistant cashier from 1905 to 1917. I know the defendant P. A. Langford, have known him for many years. His father R. F. Langford was cashier of the Citizens Bank from 1907 to 1917. I am examining the note sued on in this case; have the same before me. This is a renewal note of several small notes, or a renewal of a note of the same amount which was in turn a renewal of several small notes. The several notes were all signed by P. A. Langford and secured by R. F. Langford. The notes have been in the Bank a long time. The note sued on is signed in the handwriting of R. F. Langford, both names are in his handwriting: This note was filed against the estate of R. F. Langford. R. F. Langford died several years ago. The credit on the note came from his estate. The note is as follows:

"$1060.                               "Hartsville, Tenn., January 1, 1921.

"On demand days after date, we or either of us, promise to pay to the order of Citizens Bank, Hartsville, Tenn., one thousand & sixty No/100 dollars. Negotiable and payable at Citizens Bank, Hartsville, Tenn., for value received, with interest after maturity until paid. The drawees and endorsers severally waive presentation for payment, protest and notice of protest and nonpayment of this note. If placed in the hands of an attorney for collection, we agree to pay ten per cent, additional, on principal and interest unpaid, for attorney's fees, which may be included in judgment.

"P. A. Langford.<br/>"R. F. Langford.

"Due on Demand.
"No. 5242.

"Filed February 6, 1923.<br/>"James Stalcup, Clk.<br/>"Cr. 6-2-1923.<br/>"6-2-23<br/>"Cr. by Chk.          162.35<br/>"Cross-Examination.

"I am not an official of the bank at this time. I don't know whether the note sued on is a renewal of several smaller notes or not. P. A. Langford has had a note in the bank a long time and they were renewed by R. F. Langford every six months. The note sued on is a renewal of a renewal of the original indebtedness against P. A. Langford. I don't know how many times this note has been renewed. I don't know whether P. A. Langford signed any of the renewals or not. P. A. Langford did not sign the note sued on. His name is signed in the handwriting of his father, R. F. Langford. I don't know whether R. F. Langford had any authority to sign for

him or not. I don't know what his authority was; don't know that he had authority.

"John Kerr, witness for complainant testified as follows:

"I am about fifty-two years old; live three miles from Hartsville; am a farmer. I am not an official of the Citizens Bank. I was formerly a member of the auditing committee of the bank and as such we passed on the notes of the bank. I remember of seeing several small notes against P. A. Langford; this was several years ago; these notes were finally made into one note and it was carried by the bank for several years. I have the note sued on in this case before me; this is the note held by the bank. The note is signed by R. F. Langford surety and P. A. Langford's name is signed to it and it seems to be in the handwriting of R. F. Langford. This note is a renewal of the several small notes. The small notes were signed by P. A. Langford in his own handwriting, that is the notes originally for which this is a renewal—

"Cross-Examination.

"I do not remember of the amounts of the small notes, don't remember the amount of any of the small notes. I don.'t remember the dates of the small notes, these notes were renewed and put into one note after Mr. Langford went out of the bank as cashier after 1917. The note sued on is a renewal of the small notes—I don.'t know how many times they were renewed, it has been a long time. I don't know whether P. A. Langford signed any of the renewals of the small notes or not. P. A. Langford never signed his name to the note sued on; both his name and that of his father is signed in the same handwriting. I think they are both in the handwriting of R. F. Langford. I do not know what authority R. F. Langford had to sign his son's name to the note. Don't know that he had any authority.

"The defendant offered no evidence.

"This was all the evidence offered on the trial of the case. The defendant tenders this his bill of exceptions, which bill is signed by the Chancellor and made a part of the record in this cause. "This July 14, 1927.

"W. R. Officer, Chancellor."

Under a familiar rule of law and practice, the defendant's plea of non est factum cast the burden on the complainant to show that the note in suit was executed by the defendant, or by some one authorized to bind him in the premises. It is obvious that there is no evidence that the note was executed by the defendant in person. It affirmatively appears that the defendant's name was signed to the note by his father, R. F. Langford; that complainant bank at one time held several small notes executed by defendant upon which his father was surety; that the small notes of defendant had been

consolidated into one renewal note upon which his father continued as surety; that the note in suit is the last of a series of renewal notes accepted by complainant bank as evidence of defendant's said indebtedness.

The death of R. F. Langford deprived complainant of his testimony. Defendant must know, and knew when the case was tried, whether or not he had authorized his father to sign his (defendant's) name to the note, but he elected to sit mute and withhold from the court the knowledge within his own breast. In view of the pregnant circumstances disclosed by the proof, it will be presumed that evidence which defendant had in his keeping, but withheld, would, if produced, have been against his interest.

In the case of Standard Oil Co. v. State, 117 Tenn., 618, 672, 100 S. W., 705, it is said:

"The presumption always is that competent and pertinent evidence within the knowledge or control of a party which he withholds is against his interest and insistence."

In Fisher v. Insurance Co., 124 Tenn., 450, 483, 138 S. W., 316, our Supreme Court quoted with approval from the case of Railway Co. v. Ellis, 54 Fed., 481, 483, 4 C. C. A., 454, 456, as follows:

"It is a well-settled rule of evidence that when the circumstances in proof tend to fix a liability on a party who has it in his power to offer evidence of all the facts as they existed, and rebut the inferences which the circumstances in proof tend to establish, and he fails to offer such proof, the natural conclusion is that the proof, if produced, instead of rebutting, would support, the inferences against him, and the jury is justified in acting upon that conclusion. 'It is certainly a maxim,' said Lord Mansfield, 'that all evidence is to be weighed according to proof which it was in the power of one side to have produced, and in the power of the other side to have contradicted.' Blatch v. Archer, Cowp., 63, 65. It is said by Mr. Starkie in his work on Evidence (volume 1, p. 54): 'The conduct of the party in omitting to produce that evidence in elucidation of the subject-matter in dispute which is in his power and which rests peculiarly within his own knowledge frequently affords occasion for presumptions against him, since it raises strong suspicion that such evidence, if adduced, would operate to his prejudice.'

"And in the case of W. U. Telegraph Co. v. Lamb, 140 Tenn., 107, 111, 203 S. W., 752, the court said:

"Another rule of evidence, which is often resorted to to explain incomplete knowledge, is that where the evidence tends to fix liability on the defendant, and if he has it in his power to offer evidence to rebut the unfavorable inferences which the proof tends to establish, and neglects or refuses to offer such proof, it may be inferred from the facts shown that the fully developed evidence would establish liability upon his part."

In view of the circumstances disclosed by complainant's proof in the instant case, the failure of the defendant to disclose the facts which he must have known raises an inference which the Chancellor could rightfully consider in determining whether R. F. Langford had authority to sign the defendant's name to the note in question, and which this court may rightfully consider in ascertaining whether there is any evidence reasonably tending to support the finding of the Chancellor, sitting as a jury.

We are of the opinon that legitimate inferences which may be drawn from the proof, in connection with the presumption arising from defendant's failure to disclose the facts within his knowledge, afford a sufficient basis for the Chancellor's finding and judgment.

The appellant's assignment of error is therefore overruled and the decree of the Chancellor will be affirmed. The costs of the appeal will be adjudged against the appellant P. A. Langford.

Crownover and DeWitt, JJ., concur.