SNYDER, RECEIVER, v. SHAFFER'S DRUG STORE.

4-4433

Opinion delivered November 23, 1936.

*W. F. Reeves,* for appellant.
*Williams & Williams,* for appellees.

BUTLER, J. Shaffer's Drug Store, Ralph W. Shaffer and T. C. Killebrew executed and delivered to Grand National Bank of St. Louis, Missouri, as payee, their joint note in the sum of $2,200, with interest. Certain payments were made and later a note was executed by Shaffer Drug Store and Ralph W. Shaffer for the balance due on the $2,200 note, which last note was secured by a second mortgage on the fixtures in the drug store. The chattel mortgage given to secure the last-mentioned note contained the recital "being security for balance due on note of $2,200 dated February 23, 1933, with interest at 8 per cent. from 11/22/33." No payments being further made and the Grand National Bank having become insolvent, appellant-receiver brought this action to recover for the balance of the $2,200 note. Appellees defended on the ground that the last-mentioned note had been executed in settlement of the first note. They further defended on the theory that by the acceptance of the note and mortgage they had suffered damages equal to the amount of the balance sued for. The trial resulted in a verdict in favor of the defendants, and judgment was accordingly entered in their favor. This appeal follows.

The evidence on the issues joined is sharply in conflict, that on the part of the appellants being to the effect that the new note and chattel mortgage was taken at the suggestion of appellee Killebrew, who appears to have no interest in the first note or the proceeds except as an accommodation to his brother-in-law, appellee Shaffer, who obtained and used the proceeds. The evidence was to the further effect that the notation in mortgage "being security for the balance," etc., correctly recited the understanding of the parties and that it was not intended that the taking of the new note should discharge the old one. The evidence on the part of the appellees tended to show that the quoted recital in the mortgage was an interlineation made without their knowledge or consent after the execution and delivery of the mortgage, and that it was the understanding that the last note should be in full satisfaction of the first.

The court submitted the issues raised by the evidence to the jury and in addition gave the following instructions:

"6.   The court instructs the jury that when a national bank has been taken over by the comptroller of the currency on account of its insolvency and a receiver has been appointed to take charge of the assets of said bank, that the receiver of said national bank has no legal authority to compromise an asset or release any obligor on any asset of said insolvent bank without the consent of the comptroller of the currency of the United States and the United States District Court having jurisdiction of the receivership.

"7.   The court instructs the jury that if the plaintiff received the note and mortgage executed by Ralph W. Shaffer on July 13, 1934, and retained same, then the plaintiff would be estopped from recovery on the original note, unless you further find that said note secured by the mortgage was taken as additional security to the original note.

"8.   If you find that the plaintiff through his agent, agreed with the defendants to accept the note of July 13, 1934, and secured by the chattel mortgage in evidence, and as a matter of fact took possession of said note and mortgage, although you find that the plaintiff was without authority to make this agreement, and you further find that the plaintiff retained said note and mortgage and failed to return same to the defendants, and that by reason of plaintiff's failure to renounce said settlement and return said note and mortgage, the defendants were damaged and suffered loss, then the defendants would be entitled to a judgment for the amount of said note and mortgage as damages and set off against the original note sued on."

The evidence is undisputed that the field agent of the receiver procured the execution of the last note and testified that he had no authority to compound the first note and he stated that he did not attempt to.   Instruction No. 6 was, therefore, a correct declaration of law, but was in-

complete in failure to make application of it to the evidence.

Instruction No. 7 given was erroneous in ignoring the question of the receiver's authority to compound the original note, as was also instruction No. 8. If the receiver was without authority to make the agreement testified to by the appellees, he certainly could not by retaining the second note ratify an agreement which he had no authority to make in the first place. The appellants duly excepted to the giving of instructions Nos. 7 and 8 and preserved their exceptions in their motion for a new trial.

United States Revised Statutes, § No. 5234, limits the authority of the receiver to compound bad or doubtful debts except under direction of the comptroller, and upon such terms as the court having jurisdiction directs. Therefore, an order of court is a prerequisite to a valid compromise by the receiver. *Wallace* v. *Hood,* 89 Fed. Rep. 11; *Beckham* v. *Shackleford,* 8 Tex. Civ. App. 660, 29 S. W. 200.

For the errors indicated the judgment of the court below is reversed, and the cause remanded for a new trial.