COX et al. v. NANCE et al., No. 3.—143 S. W. (2d) 897.

Eastern Section. June 25, 1940.

Petition for Certiorari Denied by Supreme Court, October 5, 1940.

Joseph A. Caldwell, of Bristol, for plaintiff in error Cox, receiver. Allen & Fair and Guy O. Ferguson, all of Elizabethton, for defendant in error.

McAMIS, J. John I. Cox, receiver of the First National.Bank of Elizabethton, instituted this action before a Justice of the Peace of Carter County to recover upon a note in the sum of $750 dated June 30, 1931, bearing the purported signatures of Fred L. Nance and Edna Nance and endorsed by W. L. Hampton. The case was appealed to the Circuit Court of Carter County and there tried before the court and a jury. The defednant Edna Nance interposed a plea of non est factum by which she denied the execution of said note. Fred L. Nance and W. L. Hampton filed a plea of the Statute of Limitations of six years and the endorser, W. L. Hampton, also filed a plea of accord and satisfaction.

At the hearing the trial judge directed a verdict in favor of Edna Nance upon her plea of non est factum. Defendants' motion for a directed verdict upon the issue raised by the plea of the Statute of Limitations was denied, the court being of opinion there was no evidence to sustain that defense. At the conclusion of all the evidence the receiver moved the court for a directed verdict in his favor upon the issue of accord and satisfaction.

There is no proof that the note in question was ever compromised and settled by consent of the Comptroller of the Currency ratified by the decree of a court of competent jurisdiction, although a number of other notes upon which the defendant W. L. Hampton was endorser were so compromised and settled in May or June, 1933. There was some proof, however, that the note in question was intended by the receiver and Hampton to be included within that settlement. The trial judge was of opinion a presumption arose upon such proof that the receiver acted within the provisions of the National Banking Act and procured the consent of the Comptroller of the Currency and had the agreement of compromise duly ratified by decree of court. The court was of opinion the duty devolved upon the receiver to rebut this presumption and, having failed to do so, it was for the jury to say whether or not defendant's plea of accord and satisfaction was sustained by the proof. The first assignment of error challenges these conclusions of the circuit judge.

It appears that, prior to the failure of the First National Bank, Hampton was indebted to the Bank upon numerous notes as maker aggregating in excess of $2,000. He was also endorser upon the Nance note in the amount of $750. After the appointment of George L. Ogdin as receiver, Hampton negotiated a settlement with Ogdin. This settlement was in writing, and by its terms he agreed to pay the sum of $500 in settlement of certain enumerated notes upon which his name appeared as maker. Hampton testified that when the settlement was made all of his notes upon which he was maker were delivered to him upon payment of the $500 agreed upon. He states that he asked Ogdin if there were any other notes

and Ogdin went to the files of the Bank and stated that there were no other notes in the Bank against him.

It is not insisted that any specific mention was made of the note here in suit and, a short time after the settlement, Hampton signed a written certificate addressed to the Comptroller of the Currency in which he listed the notes upon which he was maker but did not mention the Nance note upon which he was endorser. The petition of the receiver filed in the Federal District Court makes no reference to this note and the clear inference from Hampton's testimony is that the receiver was ignorant of the existence of the Nance note at the time of the agreed settlement and its ratification by the Comptroller of the Currency and the Federal District Court. Defendant does not insist that he believed the Nance note had been paid.

According to defendant's testimony there was no meeting of the minds in reference to this particular note and there is no suggestion that defendant ever paid any other amount or entered into any other settlement at any time with Ogdin, receiver, or Cox, receiver. Upon this proof the question arises: Is there a presumption that the receiver obtained the approval of the Comptroller of the Currency and of a court of competent jurisdiction authorizing the settlement of this particular note? We think this question must be answered in the negative.

 The liquidation of an insolvent national bank is controlled by the National Banking Act and the method provided by that Act is exclusive and mandatory. Section 192 of Title 12 of the United States Code Annotated, after providing for the appointment of a receiver by the Comptroller of the Currency, provides as follows:

"Such receiver, under the direction of the comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts. . . ."

Numerous cases construing and applying this Section hold that an order of a court of competent jurisdiction is necessary to the validity of a compromise entered into between the receiver and debtors of the trust. Wallace v. Hood, C. C., 89 F., 11; Snyder v. Shaffer's Drug Store, 193 Ark., 197, 98 S. W. (2d), 879, and see 9 Corpus Juris Secundum, Banks and Banking, Sec. 751, and notes cited on page 1308, all holding to the same effect.

The holding of the Circuit Judge and the insistence of counsel for defendant in the brief filed in this court appear to be based upon the postulate that a presumption always obtains that a public official does its duty and acts within, and only within, the sphere of his authority as defined by law. Hence, it is argued, the presumption obtains in this case that there is in existence another decree of a court of competent jurisdiction ratifying the settlement of the note

here in suit. It is insisted that, under the jury's finding upon material evidence that defendant's agreement with Ogdin, receiver, included the settlement of this note, the presumption is that the receiver would not have accepted the proceeds of the settlement unless he was authorized to carry out his agreement by the Comptroller of the Currency and had it ratified by a court of competent jurisdiction.

We have already referred to defendant's testimony indicating clearly that Ogdin, receiver, was of opinion and so advised defendant that there were no other obligations in the Bank bearing his signature. In view of this testimony it is not reasonable to presume that the receiver procured the consent of the Comptroller of the Currency and went before another court of competent jurisdiction or before the same court at a different time and procured authority to settle a note, the existence of which, insofar as it affected defendant, was unknown to him.

A presumption of fact is that mental process by which the existence of one fact is inferred from proof of some other fact or facts with which experience shows it is usually associated by succession or coexistence. Masterson v. Harris County Houston Ship, etc., Tex. Com. App., 15 S. W. (2d), 1011, 18 S. W. (2d), 588, 67 A. L. R., 1324.

"A presumption cannot ordinarily be raised from some fact proved unless a rational connection exists between such fact and the ultimate fact presumed. Furthermore, a fact can be regarded as the basis of an inference only where the inference is a probable or natural explanation of the fact. Inferences may not be drawn from one transaction to another that is not specifically connected with it, merely because the two resemble each other, but must be linked together by a chain of cause and effect and common experience." 20 American Jurisprudence, 163, Sec. 159.

The settlement upon which defendant relies constituted but a single transaction. It is not claimed that separate settlements were made of defendant's direct obligations to the Bank and the Nance note upon which he was endorser. Since the Comptroller of the Currency and the Federal District Court ratified the settlement upon the representation and belief that the receiver was receiving $500 in settlement of $2,000 or more of defendant's direct obligations to the Bank, the receiver could not have filed another petition for settlement of the Nance note in consideration of the payment of the same $500 without being placed in the attitude of perpetrating a fraud upon the court and upon the Comptroller. It will not be presumed that the receiver was guilty of fraud and misconduct in the discharge of the duties of his office.

Although defendant's testimony and that of his witnesses is somewhat vague and uncertain as to whether the settlement was

to include any other notes than those delivered to defendant at the time, it may be that, under the view of the evidence adopted by the jury, defendant would be entitled to a rescission of the settlement upon the ground of a mutual mistake of fact. But whatever his right to that relief, we think it is clear that settlement of the note here sued upon was never approved by the Comptroller of the Currency or ratified by a decree of court as required by the National Banking Act. Such approval and ratification are essential to validate such a settlement and it results that the learned trial judge was in error in declining to direct the jury to find in favor of the receiver upon the issue of accord and satisfaction. The first assignment is sustained and a verdict directed in favor of the receiver and against the defendant W. L. Hampton.

By the second assignment of error it is insisted the court erred in directing a verdict in favor of the defendant Edna L. Nance under her plea of non est factum. The rule is well settled that upon the filing of a plea of non est factum general, the burden is cast upon the plaintiff to show that the defendant executed the paper or that it was executed by someone authorized to bind him. Citizens Bank v. Langford, 6 Tenn. App., 238.

We find nothing in the instant case to take it out of the general rule and the second assignment is overruled.

A judgment will be entered here in accordance with this opinion and costs will be equally divided between the receiver and the defendant W. L. Hampton.

Portrum and Ailor, JJ., concur.