Lorene **TAYLOR**, Plaintiff,

v.

Elliott L. **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 2466.

United States District Court, E. D. Tennessee, Northeastern Division.

Aug. 28, 1970.

James N. Hardin, Greeneville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is the judicial review of a final decision of the defendant administrator, denying the plaintiff Mrs. Taylor's application for the establishment of a period of disability and disability insurance benefits. 42 U.S.C. § 405(g). Both parties have moved for a summary judgment. Rules 59(a), (b), Federal Rules of Civil Procedure.

Mrs. Taylor's disability insured status is conceded to have concluded on March 31, 1966. She bore the burden of proving that her disability arose on or before that date. 42 U.S.C. §§ 416(i) (3), 423(d) (5); Henry v. Gardner, C.A.6th (1966), 381 F.2d 191, 192[2], certiorari denied (1967), 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487. It was also necessary that Mrs. Taylor prove she had a physical or mental impairment, resulting from anatomical, physiological, or psychological abnormalities " * * * which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. * * * " 42 U.S.C. § 423(d) (3). If the plaintiff failed to prove she was unable to engage in her former occupation as a cake decorator, she failed to establish that she is unable to engage " * * * in substantial gainful activity * * * ", 42 U.S.C. § 423(d) (2) (A), in which event the defendant Secretary is not required to show what type of work she is capable of doing or the availability of such work. Smith v. Gardner, C.A.6th (1966), 361 F.2d 822, 823[2].

Mrs. Taylor claims that she became unable to work because of a combination of physical impairments late in the year, 1961. For the preceding 17 years she had worked in several capacities, and finally for a decade as a cake decorator, in a bakery. She testified that she resigned this employment, because working in a stooped position caused a humping of her back, because of elevated blood pressure, because the pressures of her employment were unbearable, because of swelling in her feet and legs, and arthritis of her low back, feet and legs. After leaving the bakery, Mrs. Taylor worked briefly in vocational education but found she was unable to stand on her feet, as the job required, and again resigned.

The difficulty is that there is a dearth of direct medical opinion evidence that the combination of Mrs. Taylor's impairments is demonstrable by medically acceptable clinical and laboratory diagnostic techniques. About four years before the plaintiff retired from the labor market, Dr. Hugh W. Rule found she was suffering from high blood pressure.

This examination was conducted in respect of her employment at the bakery. Some 18 months after her retirement, Dr. L. C. Cox found upon examination of Mrs. Taylor that her blood pressure reflected a systolic of 250 and a diastolic of 140. Nearly two years after her retirement, Mrs. Taylor was examined by Dr. John L. Dallas, when she cut her thumb. At that time the diagnosis was that Mrs. Taylor was suffering from exogenous obesity, hypertensive cardiovascular disease, a mild mellitus diabetes, varicosities of her lower legs, and lipoma of her back.

■ In finding that Mrs. Taylor "* * * was not under a 'disability' as defined by the Social Security Act, as amended, at any time *on* or prior to *March 31, 1966* * * *", [emphasis supplied], the hearing examiner, who denied Mrs. Taylor's claims, obviously declined to draw the inference, that the combination of her impairments which were demonstrable by medically acceptable clinical and laboratory techniques in 1967–1969, were present on March 31, 1966. Such an inference might have been reasonably drawn, in the opinion of this Court. No basic rule can be established to govern it, but ordinarily the drawing of inferences is for the trier of the facts. Bell Cab & U-Drive-It Co. v. Sloan (1952), 193 Tenn. 352, 358–359[4], 246 S.W.2d 41. If the evidence is of such character that but one reasonable deduction can be made therefrom, the Court may draw the inference as a matter of law. *Idem.* "* * * '[A] fact can be regarded as the basis of an inference only where the inference is a probable or natural explanation of the fact. Inferences * * * must be linked together by a chain of cause and effect and common experience.' * * *" Cox, et al. v. Nance, et al., C.A.Tenn. (1940), 24 Tenn.App. 304, 307[3], 143 S.W.2d 897, 899, certiorari denied (1940). Although, as stated, such an inference would have appeared to this Court to be reasonable, this Court cannot say that the evidence is such, as a matter of law, that the hearing examiner should have exercised his mental processes in such manner as to infer from the existence of the fact of Mrs. Taylor's disability in 1967–1969 that she was disabled also on or prior to March 31, 1966. It cannot be said that experience shows that her subsequent disability is usually associated with an earlier disability by succession or coexistence. *Idem.* In addition, the severity of the combination of Mrs. Taylor's impairments is a vital issue. *Cf.* Snyder v. Ribicoff, C.A.4th (1962), 307 F.2d 518, 521.

■■ It appears to the Court that the hearing examiner here found the facts with a sense of fairness; that he considered the plaintiff's testimony of the duration of her respective ailments; that he did not seek the truth on the predisposition to find for or against Mrs. Taylor; and that he considered the evidence objectively and made his findings dispassionately. Now that an administrative determination has been made, Mrs. Taylor has no right to have this Court review the factual issues. The findings of the defendant administrator must be accepted by this Court if supported by substantial evidence. 42 U.S.C. § 402(g); Hunt v. Gardner, C.A.6th (1966), 354 F.2d 692. Except where a matter of law is presented by the facts, this Court lacks the right to make its own appraisal of the evidence and to substitute its findings of fact for those of the administrative agency. King v. Gardner, C.A.6th (1967), 370 F.2d 652, 654[3].

■ Without the inference, *supra,* the evidence was compelling that the findings of the hearing examiner are supported by substantial evidence. The motion of the plaintiff for a summary judgment is denied. The motion of the defendant for a summary judgment is sustained. Judgment will enter, Rule 58, Federal Rules of Civil Procedure, affirming the final decision of the defendant administrator.