227 P.2d 389

**STANLEY v. MOAN et al.**

No. 5415.

Supreme Court of Arizona.

Feb. 13, 1951.

360

---

Robert A. May, Tucson, for Petitioner Ray Fisher Harris, Tucson, of counsel.

Robert E. Yount, Phoenix, for respondent Insurance Carrier H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel.

UDALL, Chief Justice.

This is an appeal by certiorari brought by Pearl J. Stanley, petitioner, to review an award of The Industrial Commission of Arizona, respondent insurance carrier, denying her compensation for an injury allegedly suffered by accident arising out of and in the course of her employment as a cook for J. V. Moan Commissary Company, respondent employer.

The uncontradicted facts show that petitioner, an obese 41-year-old woman, was hired as a cook for a signal crew operating out of the railroad station at Fairbank, Arizona, a small town in southeastern Arizona through which runs the Southern Pacific Railroad. She was hired in El Paso, Texas, by the manager of respondent employer who had a contract to supply meals for the railroad crews. Petitioner had been working for approximately two weeks in Fairbank when on August 15, 1950, at about 5:30 a.m., after arising to prepare breakfast and while attempting to descend the steps leading from the dining car to the ground, she fell or was thrown a distance of four or five feet to the ground, causing the injuries complained of. The petitioner testified, and it was not refuted, that the factors contributing to her fall were that (1) the steps were unlighted, (2) there was no handrail on one side of the steps, and (3) the vibration of the steps caused by a passing train. She further stated by affidavit that "* * * when she came to she was in a sitting position, sitting on her right leg and leaning against one side of the stairway; during the fall affiant was knocked unconscious and for how long she does not know. Affiant had great pain in her back and shoulders, lower spine, and her right leg, right ankle and abdomen." There were no eye witnesses to the accident.

Paul T. Long, new foreman of the signal crew, who had arrived on the morning of the accident, reported it by telephone to defendant employer in El Paso on August 17. On the same date petitioner was relieved of her duties and returned to El Paso where her home was. She also immediately reported the accident to her employer, who sent her to the hospital where she received extended treatment for her injuries.

No worthwhile purpose would be served in further detailing the evidence upon which petitioner relies to establish her claim. The

evidence, some of which was admittedly hearsay, submitted to the commission concerning the fact that petitioner did sustain an injury by accident arising out of and in the course of her employment, consists of the affidavits and statements of petitioner, her employer, attending physicians, and other witnesses who were completely disinterested. The only evidence upon which the commission could have based its award denying compensation to petitioner was the testimony of signal foreman Long, who on direct examination testified that no report of accidental injury was made to him by petitioner. However, on cross-examination he indicated only that *he did not recall* a report of accidental injury having been made to him. He stated that he would not swear that petitioner made no such report. Long's testimony on whether such a report had been made to him was contradicted both by petitioner and respondent employer through its manager who received the telephone call from Long on August 17 reporting the accident and asking for a replacement for petitioner.

It is manifest that the negative testimony of foreman Long on this matter is insufficient to prevail against the unimpeached and uncontradicted affirmative testimony of the other witnesses. Furthermore, whether a report of accident was made by petitioner to Long is immaterial on the issue of whether an accidental injury occurred, and is no basis for the com-

mission to deny compensation to petitioner. It is apparent that Long, who was a stranger to petitioner, was not her employer or the agent of the employer, and that, therefore, she was under no duty to make a report of accident to him.

While it is the law that the commission may reject the testimony of an interested witness, it likewise is the law that it may not arbitrarily reject uncontradicted evidence when nothing intrinsic in the evidence itself or extrinsic in the circumstances casts suspicion thereon, Bragg v. Industrial Commission, 71 Ariz. 37, 223 P.2d 180; In re Gary's Estate, 69 Ariz. 228, 211 P.2d 815. Where evidence of an interested witness is corroborated by disinterested witnesses, a rejection of that evidence amounts to arbitrary action by the triers of fact, In re Gary's Estate, supra, and the commission may not arbitrarily disregard the only reasonable inference which can be drawn from uncontradicted testimony, Wiggins v. Pratt-Gilbert Hardware Co., 48 Ariz. 375, 62 P.2d 124; In re Gary's Estate, supra. If there is competent evidence in the record to sustain the action of the commission, it is conclusive and binding on this court, but if there is no evidence in the record to support the commission's findings, it is the duty of this court to set them aside. Hobson v. Twentieth Century Fox Film Corp., 71 Ariz. 41, 223 P.2d 399.

From an exhaustive examination of the record in this case we feel con-

strained to hold that the facts do not reasonably support the inferences drawn or the legal conclusion reached by the commission in denying compensation. It appears to us that the only inference that could properly be drawn from the uncontradicted facts is that petitioner suffered an injury by accident arising out of and in the course of her employment. A contrary holding could only be based upon surmise and conjecture.

Award set aside.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.