BELL CAB & U-DRIVE-IT CO., INC. *v.* SLOAN (two cases).

*(Nashville,* December Term, 1951.)

Opinion filed February 9, 1952.

W. D. Dodson, of Nashville, for plaintiffs in error.

Roy A. Miles, of Nashville, for defendant in error.

354

Mr. Justice Burnett delivered the opinion of the Court.

The Sloans sued James B. Bass and Bell Cab & U-Drive-It Company, Inc., for personal injuries as a result of an automobile accident. Judgment was rendered against Bass and the corporate defendant and an appeal was prayed by the corporate defendant to the Court of Appeals where the judgments of the Circuit Court were affirmed.

The accident out of which this damage suit arose, happened about 3:00 or 3:30 P. M. in the afternoon. The defendant Bass (who did not appeal) was driving the cab belonging to the corporate defendant at the time of the accident and according to some of the witnesses, he had a lady sitting in the back of the cab. Bass though denies that there was a passenger in the cab at the time. The proof, without contradiction, by the dispatcher of the cab company, a young lady in the office of the cab company, and by Bass is that Bass went to work at 5:00 o'clock on the morning of the day of the accident and checked out at 12:30 on that day. After checking out he requested of the dispatcher the loan of the cab so that he could use it on his personal business that afternoon in the search of an apartment. This testimony of the dispatcher and the young lady is supported by the records of the cab company. The corporate defendant admittedly was the owner of the cab; admittedly the cab was being operated by a driver generally employed by the corporate defendant; at the time of the accident the vehicle was being operated under conditions resembling those which normally attend its operation in the master's business. Bass does not explain the presence of another party in his car but simply denies that he had another person in

his car. From these facts, even though the dispatcher and the young lady in the office and Bass had testified positively that the car was not being used on the master's business but was purely for a personal mission of Bass', the Court of Appeals and the jury found that Bass was acting within the scope of his implied general authority and that the corporate defendant was liable.

The Court of Appeals says: "Hence, the testimony of the witnesses for the defendant company to the effect that the cab was not being used on its mission, or within the scope of the servant's employment, is contradicted by logical inferences to be drawn from proven facts establishing conditions resembling those which normally attended the use of the cab in the company's business."

Even though you do have evidential facts which would indicate and show and allow the jury to draw reasonable inferences that the car was being used on the master's business, when you have positive proof of the officers or those owning the car that the car was not being used on their business but was being used on a loan for the personal business or personal pleasure of one who had formerly or who was in their employ that then in the absence of more, is it the duty of the trial judge to take the case away from the jury and direct a verdict? These inferences drawn from the use of the cab raise an inference that normally would make a jury question but when you have the positive uncontradicted statements as here, should a jury be allowed to speculate on the matter?

 This Court in *Goodman* v. *Wilson*, 129 Tenn. 464, 467, 166 S. W. 752, 753, 51 L. R. A., N. S., 1116, said: "It is undoubtedly true, as a general proposition of law, that the doctrine of respondeat superior applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be

charged with the injury resulting from the wrong at the time and in respect of the very transaction out of which the injury arose, and the mere fact that the driver of the automobile was the defendants' servant will not make the defendant liable. *It must be further shown that at the time of the accident the driver was on the master's business, and acting within the scope of his employment."* (Emphasis ours.)

This statement has been expressly approved many times since by this Court and is unquestionably sound law.

█ █ █ We have in this case a stipulation agreeing that the cab was a cab of the corporate defendant and was registered in the name of that defendant. Under Code Sections 2701, 2702, showing of this registration made a prima facie case in favor of the plaintiff that this cab was being operated and within the requirements of the quotation last above made from *Goodman* v. *Wilson,* supra, but when the defendant offers credible evidence that the cab was not being used for their use and benefit at the time of the accident then this presumption disappears. The presumption fixed by these statutes is, "A rule of law, fixed and relatively definite in its scope and effect, which attaches to certain evidentiary facts and is productive of specific procedural consequences respecting the duty of proceeding with the evidence. According to this view, where the opponent offers evidence contrary to a presumption, the presumption disappears, and the case stands upon the facts and whatever inferences may be drawn therefrom." 20 Am. Jur., Section 162, page 165. This is the rule we follow. *Wright* v. *Bridges,* 16 Tenn. App. 576, 65 S. W. (2d) 265.

So we have in this case the proof of ownership and direct proof that the owner had loaned the cab to his

codefendant, Bass, for his personal use at the time of this accident. Of course this proof of ownership and the proof that the cab was being used by the owner's permission "falls short of making out a case in which the owner is liable for the negligence of the operation of a particular vehicle." *East Tennessee & Western North Carolina Motor Transport Co.* v. *Brooks,* 173 Tenn. 542, 548, 121 S. W. (2d) 559, 561. In addition to this there appears in the case testimony offered on behalf of the plaintiff that at the time of the accident the cab was being driven by Bass, wearing a chauffeur's uniform and carrying in the back of his cab a lady passenger. This fact that a passenger was in back of the cab was denied by Bass but this contradiction of Bass and the plaintiff's witnesses as to this fact made a jury question as to the credibility of these witnesses. This created an inference on behalf of the plaintiff that the cab was being used in the usual course of their business, that is, driving a cab in their name, registered in their name, being driven by one of their drivers with his uniform on and apparently carrying a passenger, left or created an inference for the jury to draw that the cab was being used in the business of its master and that Bass was in the furtherance of his master's duty. Does the creation of this inference, which is all that we have in this case, create or make a case for the jury in view of the uncontradicted testimony of two of the corporate defendant's employees and Bass that Bass was not on duty for company and that the car had been loaned to him for his personal use?

In American Jurisprudence, Vol. 20, page 165, Evidence, it is said that: "* * * an inference is regarded as a permissible deduction from the evidence before the court which the jury may accept or reject or accord such probative value as it desires, * * *." This

is the rule normally adopted by the Courts of this Country and has been frequently applied by the Courts of this State. "Such an inference is itself evidence and remains in the case even though there be evidence opposed thereto with respect to point involved." *Southern Motors* v. *Morton,* 25 Tenn. App. 204, 212, 154 S. W. (2d) 801, 806.

The obvious question then arises whether or not the judge has the right, in view of the inference thus created, to take the case from the jury when he has positive evidence to the contrary of the inference? It would appear and that has been the holding of this Court from its beginning that since you do have credible inference upon which the plaintiff might base his case then that the jury, the trier of facts, should pass on the matter.

The Courts of many States including Oregon, California, and others have held, in automobile accident cases numerous times, that where the proof is uncontradicted that an inference that the car was being driven for the use of the master would be overcome and that the trial judge should take the matter from the jury, after all the evidence is in, and direct a verdict on behalf of the defendant. This question is annotated in 74 A. L. R. 951. In *Judson* v. *Bee Hive Auto Service Co.,* 136 Or. 1, 294 P. 588, 297 P. 1050, 1053, 74 A. L. R. 944, it is said: "Ordinarily, whether an inference or presumption has been overcome is a question for the jury, but if the evidence is of such character that but one reasonable deduction can be made therefrom, the court may so declare as a matter of law. It is entirely reasonable that one inference may be drawn during one stage of the trial and a different one at a later time, after all the evidence is in the record. At the close of plaintiff's case in chief, it might have been reasonable, in view of proof of defendant's ownership of the automobile, to infer that Mills

was driving the same for the owner's benefit; but would such inference still obtain after it had been shown by clear, positive, and uncontradicted evidence that Mills had rented the automobile from defendant, and was driving it for his own pleasure?'' The Court then concludes that the evidence did not support the verdict and reversed the judgment on behalf of the plaintiff because it concluded that the positive uncontradicted evidence overcame the inference on behalf of the plaintiff.

The Supreme Court of California in *Maupin* v. *Solomon*, 41 Cal. App. 323, 183 P. 198, 199, said in reference to a situation similar to the one before us. ''When we say that a certain inference is warranted by certain facts proved, we mean no more than that the jury is reasonably warranted in making that deduction from those facts. * * * In this case the direct uncontradicted evidence introduced in response to the prima facie case as to the circumstances under which the employee of appellant was driving appellant's automobile was of such a nature as to leave no reasonable ground for an inference, based solely on the fact of appellant's ownership of the automobile, and the further fact that the person driving was an employee of appellant, that the driver was acting within the scope of his employment at the time of the accident. The verdict therefore was contrary to the evidence, and this is all we understand the opinion of the District Court of Appeal to decide.''

Thus we have the holdings of the courts above cited that uncontradicted testimony may overcome an inference to such an extent that at the conclusion of all the proof the trial judge may take the matter from the jury. It seems that there is no basic rule that can be established in these cases but each case must depend upon its facts, in and of itself. The proposition is this: ''Are

there facts in evidence which if unanswered would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain?'' Wigmore On Evidence, Vol. 9, Section 2494, page 299, and cases there cited. The question thus asked must be looked to by the judge trying the case and by us in the light of the question thus stated. In other words would ''men of ordinary reason and fairness'' be justified in rendering a judgment against the corporate defendant in this case upon the facts here shown of Bass in his cab uniform and in his cab and with a customer in the back seat, driving in a part of the city where these cabs were allowed to go; would a jury under these facts be warranted in rendering a judgment for the plaintiff? We think unquestionably that a jury would thus be warranted in rendering a judgment for the plaintiff and therefore it results that this evidence is sufficient—it rises far beyond a mere scintilla of evidence. In view of this fact we have concluded, after much deliberation and research, that under the facts of the case as here presented the judge would not be justified or right in withdrawing this case from the jury and directing the verdict on behalf of the defendant in view of the evidence that has been offered. The result is that the judgment of the lower courts must be affirmed with costs.

TOMLINSON, Justice, did not participate.