248 P.2d 997

## RATLEY v. INDUSTRIAL COMMISSION et al.

Civ. 5536.

Supreme Court of Arizona.

Oct. 6, 1952.

George T. Wilson, Minné & Sorenson, Fred F. Bockmon, all of Phœnix, for petitioner.

Robert E. Yount, of Phœnix, H. S. McCluskey and Robert W. Pickrell, of Phœnix, of counsel, for respondent Industrial Commission.

UDALL, Chief Justice.

Petitioner, James R. Ratley, by certiorari, has brought before us for review an award of the Industrial Commission of Arizona denying him compensation. The commission found "that said applicant did not sustain a personal injury by accident arising out of and in the course of his employment on November 21, 1950". By appropriate assignment of error, the petitioner challenges this finding as not being supported by the evidence.

The uncontroverted facts upon which the commission's finding was made may be summarized as follows: the petitioner, a married man 40 years of age, was employed by Vinnell Company, Inc., a contractor on the new Congress Junction-Kingman highway. The employer was insured under a policy issued by the commission. Applicant had been employed a month and a half prior to the accident, which occurred on Tuesday, November 21, 1950, near isolated Wickiup, Arizona, and during that entire time he had been the driver of a 12-yard dump truck. According to the petitioner the accident happened when, in response to a request from the fellow em-

ployee who was servicing his truck, he picked up a can containing five gallons of water for use in the radiator and handed it up to where the service man was standing on the bumper of the truck. As he lifted the can his foot slipped and he sprained his foot and wrenched his back. Believing that he had "probably just jerked a kink or something in my back", the petitioner continued working the balance of the week. On the Monday following the accident, such soreness and stiffness had developed in the petitioner's low back area that he was unable to get out of bed. Growing progressively worse, he has been substantially disabled ever since. On two occasions he attempted to return to his job but was forced to lay off again after working a day or two.

A week following the accident he visited a chiropractor in Kingman—50 miles distant—who incorrectly diagnosed the ailment and gave him no relief. A month later he went to an M.D. in Kingman, a Dr. Arnold, complaining of "a very severe pain in his right lower back and right hip" and stated the cause of the injury was the accident suffered on November 21, 1950. On the basis of his examination and X-rays taken Dr. Arnold concluded that the man had a herniated disc. This doctor recommended an orthopedic consultant and possibly myelograms to confirm his diagnosis.

Orthopedic specialists Dr. Ronald S. Haines and Dr. John A. Eisenbeiss, both of Phœnix, examined him in March, 1951, at the request of the commission and reported the petitioner's condition as a "clear cut case of protruded inter-vertebral disc". Dr. Haines stated that the "accident described could have been responsible for his condition". Medical evidence establishes that the petitioner had previously undergone no operations and that his general health had been excellent before the injury. The comment was made that the patient "is very cooperative" and "gives one the conviction that his symptoms are genuine and his statements are true". There is not a scintilla of medical evidence contrary to the findings of these three doctors.

This court does not weigh testimony or resolve conflicts therein. It only searches the record to see whether the commission's findings are reasonably supported by the evidence. The commission's findings must be sustained if the facts do reasonably support the inference drawn or the legal conclusion reached and every presumption is in favor of the action of the commission. The conclusion or finding of the commission will not, however, be permitted to stand where there is not substantial evidence supporting it. Young v. Hodgman, 42 Ariz. 370, 26 P.2d 355.

In deciding whether there is substantial evidence to support the commission's findings, we are guided by the rule that the trier of the facts is the judge of the witness' credibility and is not required to accept the uncontradicted evidence of an interested party, but there are exceptions.

The trier of the facts may not arbitrarily reject such uncontradicted evidence when nothing intrinsic in the evidence itself or extrinsic in the circumstances casts suspicion thereon. Further, where evidence of an interested witness is corroborated by a disinterested witness, a rejection of that evidence amounts to arbitrary action by the court. In re. Gary's Estate, 69 Ariz. 228, 211 P.2d 815; Stanley v. Moan, 71 Ariz. 359, 227 P.2d 389.

The petitioner testified that his injury was the result of the accident of November 21, 1950, which patently arose out of and was in the course of his employment. A fellow workman, Merrill A. Clement, who witnessed the accident, corroborated this testimony. If their testimony be true, there is no question that the commission erred in refusing him compensation. The commission contends, however, that the evidence as a whole, meaning the affidavits, reports and other instruments in the record as well as this testimony, supports its inference that the petitioner did not sustain an injury by accident.

The commission relies largely on the fact that the witness Langley, who was servicing the truck, does not recall the accident happening, nor does the witness W. W. Hamilton, the foreman on the job, recall the accident being reported to him. On cross-examination the foreman stated, in effect, that while he did not recall the incident, if the petitioner had reported it to him, he would have told him to make out a report in the office. Later, when it was evident that the injury was more serious than it had at first appeared, the foreman did notify the company timekeeper, Mr. Whiting, and the latter filed the employer's first report of injury on December 28, 1950.

It is manifest that the negative testimony of the foreman, W. W. Hamilton, and of the serviceman, Langley, is insufficient to prevail against the unimpeached and uncontradicted affirmative testimony of the petitioner and his fellow driver. Canion v. Southern Pacific Co., 52 Ariz. 245, 80 P.2d 397; Stanley v. Moan, supra.

The commission also points out that the petitioner's claim was not filed until January 11, 1951, some fifty days after the accident. We see no significance in this fact under the existing circumstances as the law allows an injured workman one year in which to file a claim. Furthermore, this delay is explained by the petitioner's then lack of knowledge of the nature of his injury, coupled with his serious condition and isolation, as most of the intervening time as spent lying abed in his trailer at Wickiup.

Since the commission when sitting as a trier of fact must apply the same fundamental principles of law and equity as a court or jury, it may not arbitrarily disregard the only reasonable inference which can be drawn from the uncontradicted testimony. Simpkins v. State Banking

Department, 45 Ariz. 186, 42 P.2d 47; Wiggins v. Pratt-Gilbert Hardware Co., 48 Ariz. 375, 62 P.2d 124.

We believe, therefore, that the following statement appearing in the recent case of Stanley v. Moan, supra [71 Ariz. 359, 227 P.2d 391], is entirely apropos to the case at bar:

"From an exhaustive examination of the record in this case we feel constrained to hold that the facts do not reasonably support the inferences drawn or the legal conclusion reached by the commission in denying compensation. It appears to us that the only inference that could properly be drawn from the uncontradicted facts is that petitioner suffered an injury by accident arising out of and in the course of (his) employment. A contrary holding could only be based upon surmise and conjecture."

Award set aside.

STANFORD, PHELPS, DE CONCINI, and LA PRADE, JJ., concurring.