301 P.2d 1022

John C. LEE, Appellant,

v.

Alice Barnes NICHOLS, a/k/a Alice Hales, Appellee.

No. 6165.

Supreme Court of Arizona.

Oct. 2, 1956.

Emmett R. Feighner, Phoenix, for appellant.

Richard F. Harless, Phoenix, for appellee.

WINDES, Justice.

Under date of December 12, 1941, Bess McGinnis Lee, as first party, and Alice Barnes Nichols (then Alice Barnes), as second party, executed a written contract wherein it was provided:

"That the party of the first part agrees to sell and the party of the second part agrees to buy the following described property, to-wit:

"The North-half of Lot One (1), of Section Nineteen (19), Township Three (3) North, Range Three (3) East of the Gila and Salt River Base and Meridian; Except rights of way for roads, canals, laterals and ditches.

"with improvements thereon and appurtenances thereunto belonging for the sum of Six Thousand and no/100 ($6,000.00) Dollars to be paid as follows: Sixty ($60.00) Dollars upon the execution of these presents, receipt of which is hereby acknowledged; Sixty ($60.00) Dollars, or more, on the 12th day of January, 1942, and Sixty ($60.00) Dollars, or more, on the 12th day of each and every calendar month thereafter until the full sum with interest at the rate of six (6%) per cent per annum be paid in full, interest to be first deducted and balance applied to payment of principle;"

The contract further stipulated that so long as second party continued in possession, she was to provide insurance in the sum of $5,000 in favor of the first party and pay all taxes on the property, and that if the second party failed to make the stipulated payments at the times prescribed, she would forfeit her rights in the property.

At the time of executing the contract Bess Lee was the wife of John C. Lee, the appellant herein, and the property was her separate property. The evidence indicates that subsequent to the execution of the contract, in September or October of 1945, John C. Lee wrote into the contract: "Warranty Deed to be delivered upon full payment" and also signed his name to the contract. Under date of March 21, 1947, Mrs. Lee conveyed the property to Mr. Lee.

On January 5, 1950, Alice Nichols filed complaint against Mr. and Mrs. Lee and one Elizabeth McDonnell alleging the contract and plaintiff's compliance with its terms; and alleging that the Lees had placed a mortgage on the property in the sum of $15,000 in favor of defendant McDonnell and thereby placed a cloud upon the title, and that the plaintiff was ready and willing to pay all amounts due on the contract provided the mortgage was removed. It is further alleged that the defendants Lee were attempting to construe and treat plaintiff's contract of sale as a rental contract. This complaint asked the court to construe the contract, to declare the mortgage void and to award damages. Subsequently, plaintiff filed an amended verified complaint in two causes of action. The first cause alleged substantially the matters contained in the original complaint, alleged that at the time of filing the original complaint and ever since that time, the plaintiff was ready, willing and able to pay the full amount of the balance of the purchase price and asked for specific performance on the part of defendants. The second cause sought damages in the event specific performance was denied.

At the trial the important facts found by the court were that the contract was one of purchase and sale; that in March,

1947, the defendants attempted to revoke and rescind this agreement and convert the same into a form of tenancy but that all payments made by the plaintiff were on the purchase price; that all payments accrued as of the time of the filing of the first complaint had been paid; that defendant John C. Lee was the sole defendant in interest; and that as of the time of filing suit and to the time of judgment the defendant would have refused any lawful tender on the part of plaintiff and would have refused to convey the property. The court further found that at the time of filing suit and at all times since, the plaintiff was ready, able and willing to pay the balance on the contract; that the balance was $2,991.85, including principal and interest; and that plaintiff had deposited for such purpose the sum of $3,000. The court entered judgment requiring defendant John C. Lee to perform the contract and to convey the property to plaintiff. He appeals.

■ Defendant contends that the court should have granted his motion to dismiss the complaint and amended complaint, for the reason that it appears therefrom that the plaintiff is in default under the terms of the contract without alleging any excuse therefor. It does not appear from the original complaint that the plaintiff is in default. The complaint alleges full performance to date on the part of plaintiff, offers to make all payments if the claimed unlawful incumbrance is removed for plaintiff's protection, and asks for a declaration of plaintiff's rights. The complaint also alleges the Lees were attempting to revoke the contract as a sales contract and treat it merely as a rental contract. The complaint is susceptible of interpretation of a charge that the defendants Lee repudiated the instrument as a contract of sale and intended the mortgage to take precedence over plaintiff's rights as purchaser. It states a good cause of action. When the complaint was filed with the offer of performance by plaintiff and this offer was not accepted by the defendants, the plaintiff was under no obligation to continue making payments to defendants pending disposition of the litigation. Certainly, plaintiff is not required to continue payments to defendants pending litigation if defendants without justification refuse to accept plaintiff's offer of performance. There is no merit to the contention that no excuse is alleged for not continuing payments. The court properly denied the motion to dismiss.

■ Defendants moved for summary judgment supported by affidavit of defendant John C. Lee to the effect that Mrs. Lee had conveyed her interest in the property to him; and that he had given plaintiff notice he had canceled her interest under the contract of sale because of her failure to make the payments provided thereunder. This affidavit did not entitle defendant to judgment. Plaintiff's sworn

complaint alleging full compliance required a trial to determine this fact and to determine the validity of defendants' claimed cancellation of plaintiff's interest.

There was evidence that for a period of time plaintiff went to Japan and left her father in charge of the property during her absence. During this period, on March 21, 1947, Mr. and Mrs. Lee visited the premises to advise the father that payments for two months were in arrears and they were taking back the property. The father having the power from the plaintiff wrote a check on plaintiff's account for the two payments which check was accepted and cashed by defendant Lee who before cashing the same wrote the word "rent" thereon. Payments were continued until the institution of the suit, the checks being marked by Lee in a similar manner. Lee testified that from the time he announced they intended to retake the property in March, 1947, he intended to revoke the contract for two reasons: that plaintiff was in arrears and that it was not a contract of sale.

There is no possible way to construe the contract except as one for the sale and purchase of real property. Consequently, the second reason has no legal foundation. The contract provided for payments of $60 per month with six percent interest on deferred payments. Plaintiff had been paying since December, 1941.

If she were in arrears two months on March 21, 1947, she had paid on the principal a minimum of more than 20 percent and under the provisions of section 71–126, A.C.A.1939, A.R.S.1956, sections 33–741 and 33–742, no forfeiture could be accomplished without giving the plaintiff at least 60 days to pay the arrearage. The payments having been made within the time prescribed by the statute no forfeiture could become effective. The purported cancellation of plaintiff's interest was, therefore, of no legal effect.

Defendant now suggests that plaintiff abandoned the property. Such a suggestion borders on frivolity. Her sojourn in Japan with her father in possession for her could not possibly be construed as abandonment.

Defendant's argument is extremely confusing but he seems to take the position that plaintiff did not make an adequate tender of the balance due under the contract and the court erred in finding that such a tender would have been useless for the reason defendant would not have accepted the same. It is clear from the evidence that defendant did not intend to recognize the contract as one for the purchase of the property and the court was fully justified in concluding that any kind of tender which would require the conveyance of the property would be an empty gesture and useless. No tender of per-

formance is necessary under such conditions. It is sufficient if plaintiff is ready, willing and offers to perform. Shreeve v. Greer, 65 Ariz. 35, 173 P.2d 641; 49 Am. Jur., Specific Performance, section 144, page 167.

■ Defendant offered oral evidence of the circumstances leading to and resulting in the execution of the contract in an effort to show it was not a sale contract. Objection being made the court refused to allow this evidence upon the ground it would vary the terms of the contract. In this the court committed no error since the only possible construction is that it is a contract for the purchase and sale of real estate.

■ Assignment eight is that the court erred in sustaining plaintiff's objection to evidence showing defendants paid taxes on the property subsequent to filing suit. No reason for this assignment is given as required by the rules of this court and the assignment will not be considered.

■ It is asserted that the court erred in finding that plaintiff was in arrears in payment of taxes but that she paid the same and defendants waived the default for the reason such finding is not supported by the evidence. It appears from the evidence that this property was jointly assessed with other property held by the defendant and the practice was for Lee to pay the same and collect directly from plaintiff her proportionate share and the evidence shows this was done. There is no merit to this assignment.

The court found the balance due on the contract for principal and interest to be the sum of $2,991.85. This was based on the assumption that all payments had been made to the time of the institution of the action on January 5, 1950. It appears from the testimony of plaintiff that payment of $60 for December, 1949, was remitted to the defendant and returned to the attorney for plaintiff unclaimed. The defendant not having received this payment, the correct balance due is $3,051.85. This error in calculation is the basis of one assignment and is well taken.

■ The lower court is directed to modify the judgment by requiring plaintiff to deposit in court for the benefit of defendant John C. Lee the aggregate sum of $3,051.85 as a condition precedent to the execution of the judgment for specific performance. In all other respects the judgment is affirmed. Appellee to recover her costs herein.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.