328 P.2d 311

Mary L. HARRINGTON, Widow, and Donald P. Harrington, Lawrence Harrington, Thomas Harrington and Mary L. Harrington, minor children of Paul L. Harrington, deceased, Petitioners,

v.

The INDUSTRIAL COMMISSION OF ARIZONA and Service Motor Parts, Inc., Respondents.

No. 6513.

Supreme Court of Arizona.

July 9, 1958.

Udall & Udall, Tucson, for petitioners.

Robert K. Park, Phœnix, for respondent The Industrial Commission of Arizona, John R. Franks, Donald J. Morgan, and James D. Lester, Phœnix, of Counsel.

STRUCKMEYER, Justice.

Decedent, Paul L. Harrington, was president and principal salesman for defendant employer, Service Motor Parts, Inc., whose place of business was Tucson, Arizona. On Friday, May 18, 1956 decedent took a trip to Phœnix, Arizona for the purpose of attending the annual election of the state organization of the Purchasing Agents Association of Arizona, and to transact other business. At that time he was contemplating expanding the business of the corporation and was contacting various influential persons including one William H. Kinkaid who were in a position to throw business to the firm. Decedent picked up Kinkaid at Marana, Arizona and the two then proceeded to Phœnix, a distance of approximately 125 miles from Tucson. On Saturday, May 19, at about five o'clock in the afternoon, he and Kinkaid checked out of their hotel and left on the return trip to Tucson. At the town of Chandler, 24 miles from Phœnix, decedent and Kinkaid had a disagreement the nature of which is not positively established, and Kinkaid left the car and decedent continued on alone in a southerly direction toward Tucson. Thereafter, the actions of decedent are unknown until approximately the hour of 8:50 the same evening when he was observed by a highway patrol officer, G. T. Meehan, going north toward Coolidge, Arizona "at a terrific rate of speed"; that is, he was going in a direction which took him away from Tucson, his point of return, and back toward

Chandler and Phœnix. Coolidge is 34 miles southeast of Chandler. The highway patrol officer immediately started in pursuit and clocked decedent's speed at between 85 and 90 miles an hour. Just south of Coolidge there is a curve in the highway. As decedent approached the curve he started to apply his brakes, but lost control of his car, crossed over the centerline, and hit another vehicle head-on and was killed instantly.

Petitioner Mary L. Harrington, the widow and the mother of the surviving minor children, has filed a claim for compensation with the Industrial Commission of Arizona, claiming benefits for herself and the minor children under the Workmen's Compensation Law of Arizona, A.R.S. § 23–901 et seq. It is petitioner's position that decedent died as a result of injuries arising out of and in the course of his employment by the Service Motor Parts, Inc. in that the only reasonable inference which can be drawn from the foregoing facts is that decedent had turned back to pick up Kinkaid at Chandler. The Commission in its decision upon rehearing found that the accident did not arise out of the decedent's employment with the Service Motor Parts, Inc.

It is conceded by both parties that the burden of proving that the accident arose out of and in the course of decedent's employment rests upon petitioners. Muchmore v. Industrial Commission, 81 Ariz. 345, 306 P.2d 272. However, petitioners urge that the Commission as triers of fact may not arbitrarily disregard the only reasonable inference which can be drawn from the uncontradicted testimony, Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997, and that while there are many conceivable explanations for decedent's change of direction, in the absence of evidence to the contrary, the Commission is compelled to accept the only reasonable explanation, viz., that decedent was returning to pick up Kinkaid. Petitioners rely on the rule followed in Martin v. Industrial Commission, 73 Ariz. 401, 242 P.2d 286, that when an employee is found dead from an accident where he might properly have been in the performance of his duties, then in the absence of evidence to the contrary, there is a presumption that the accident arose out of and in the course of his employment.

The decision in the Martin case was predicated on the express fact that Martin was driving the car of his employer *in the direction of the ranch* and on the route which he might reasonably have taken on the trip. Here, while the decedent was on the route which he might have reasonably taken, he was not traveling in the direction of his home at Tucson. To the contrary, he was going in the opposite direction. Ostensibly, therefore, the accident did not occur where he might properly have been in the performance of his duties and

the rule followed in the Martin case is not applicable here. Petitioners have, at this point, failed to carry their burden of proof to produce facts which would give rise to the presumption.

However, it is argued that because the accident occurred on the road back to Chandler, there is a reasonable inference that the decedent might properly have been on his way back to pick up Kinkaid and consequently have been acting in the performance of his duties as salesman for the Service Motor Parts, Inc. Even so, petitioners admit that "there are many conceivable explanations for decedent's change of direction." The question becomes whether the Commission is compelled to infer from the direction of travel that the accident occurred while decedent was returning to Chandler for Kinkaid.

We have said that an inference is nothing more than a permissible deduction from the testimony. Atchison, T. & S. F. R. Co. v. Hicks, 64 Ariz. 15, 165 P.2d 167. It has no legal probative effect other than the jury is pleased to attribute to it in a given case. Puget Sound Electric Ry. v. Benson, 9 Cir., 253 F. 710. Since it is merely a permissive deduction from the testimony, the jury or the triers of fact are not compelled to draw the inference even in the absence of contrary evidence and have the right to refuse to do so. Whether a particular inference can be drawn from the evidence is a question of law, but whether the inference shall be drawn in any given case is a question of fact for the jury. Blank v. Coffin, 20 Cal.2d 457, 126 P.2d 868. An inference of fact, even in the absence of conflicting evidence, does not forestall fact finding to the contrary. Seydler v. Baumgarten, Tex.Civ.App.1956, 294 S.W.2d 467. The jury may accept or reject the inference or accord it such probative value as it desires. Bell Cab & U-Drive-It Co. v. Sloan, 193 Tenn. 352, 246 S.W.2d 41. Even if we assume that the inference to be drawn was reasonable, nonetheless, this is exclusively the province of the triers of fact and we will not disturb their conclusions unless they manifestly appear arbitrary. While the Commission may not arbitrarily disregard the only reasonable inference, Stanley v. Moan, 71 Ariz. 359, 227 P.2d 389, there are here admittedly other inferences which might be drawn.

Award affirmed.

WINDES, PHELPS and JOHNSON, JJ., and E. R. THURMAN, Superior Court Judge, concur.

UDALL, C. J., having disqualified, the Honorable E. R. THURMAN, Judge of the Superior Court of Maricopa County, was called to sit in his stead. . .