370 P.2d 285

R. M. IRELAND, Sr., Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent, and C. T. R. Bates, Defendant Employer.

No. 7347.

Supreme Court of Arizona.

En Banc.

April 4, 1962.

———◆———

Estes & Browning, by William D. Browning, and Paul G. Rees, Jr., Tucson, for petitioner.

Lorin G. Shelley, Phœnix, for respondent Industrial Commission of Arizona. Donald J. Morgan, Edward E. Davis, and C. E. Singer, Jr., Phœnix, of counsel.

UDALL, Vice Chief Justice.

Certiorari to review an award made by the Commission after a hearing held on March 28, 1961, at which time the claim of the petitioner was found to be noncompensable.

The material facts pertaining to this case show that petitioner was employed by C. T. R. Bates at the latter's ranch located in the Chiricahua Mountains in southern Arizona. The petitioner, recently retired from civil service, was 67 years of age at the time of the injury complained of. His medical record reflects a back injury in 1941 which required a spinal fusion of the lower back.

It is claimed by the petitioner that on the 13th of May, 1960, while moving rocks in the course of his employment, he incurred a severe back injury for which he is entitled to receive compensation. Petitioner asserts that immediately thereafter he reported his injury to Mr. Amos DeVore, a fellow employee. The petitioner remained at the ranch until May 23d, when he took his wife to Tucson for medical attention. While returning from Tucson to the ranch the automobile which he was driving left the road and tipped over. Petitioner sustained some superficial injuries to his body but claims that his back was not further injured in the accident.

Petitioner first contends that respondent erred in not finding that he was injured in the course of his employment. Secondly it is claimed by petitioner that the commission admitted certain testimony that should not have been admitted in evidence and rejected other testimony that should have been admitted.

 It is the law of this state that "where evidence of an interested witness is corroborated by disinterested witnesses, a rejection of that evidence amounts to arbitrary action by the triers of fact." Stanley v. Moan, 71 Ariz. 359, 361, 227 P.2d 389, 391 (1951); In re Gary's Estate,

69 Ariz. 228, 211 P.2d 815 (1949). The natural corollary to this proposition of law is that the commission may reject the testimony of an interested witness that is not corroborated by a disinterested witness or witnesses. "The commission may disregard the testimony of an interested party and consider anything extrinsic in the circumstances of the case which casts suspicion thereon." Korff v. Charles Luke Const. Corp., 69 Ariz. 312, 315, 213 P.2d 471, 472 (1950). " * * * [A]s trier of the facts it is the privilege and duty of the commission—and not of this court—to resolve all conflicts and draw warranted inferences * * * where two inferences may be drawn, the commission is at liberty to choose either, and its conclusion will not be disturbed unless it is wholly unreasonable * * *." Muchmore v. Industrial Commission, 81 Ariz. 345, 351–52, 306 P.2d 272, 276 (1957).

 Petitioner testified that he received a back injury while loading and unloading stone during the course of his employment. However, there is a serious question as to whether there was any corroboration of his testimony. Petitioner asserts that the witness DeVore substantiated and corroborated his testimony in this respect. DeVore related the conversation that he had with petitioner immediately after the alleged accident, in part as follows:

"Q At any time during those three days, 13th, 14th and 15th of May, were you aware that Mr. Ireland had injured himself in any way, shape or form?

"A He complained about his back hurting him; he complained about it right along.

* * * * * *

"Q What did he tell you·about his back?

"A He said his back was bothering him and hurting him, and I hauled two loads of silt and dirt and filled it in and watered it down so we could put concrete on top of it."

* * * * * *

"Q Did he indicate to you that he hurt his back?

"A He was complaining about his back.

* * * * * *

"Q Do you recollect where it was and when it was that he told you he hurt his back?

"A No, it was along in the evening when we hauled the last load up and he said his back was just killing him, and that is all I know about it.

"Q Were there any more rocks still in the bed of the pickup?

"A I unloaded the last load for him. His back was hurting him.

"Q Did it appear that some rocks had already been taken off the load?

"A No, I don't believe so. When he came in he said his back was hurting him pretty bad and I told him to just go in and lay down and I would unload it.

"Q Have you ever had any conversation with Mrs. Ireland about him hurting his back on Friday the 13th?

"A No, sir."

The record further shows that petitioner had stated previous to the time of the accident that his back was weak and that he suffered a back injury prior to the time of his employment with Mr. Bates.[1]

The petitioner admits that the only other person who had direct knowledge of his injury on May 13, 1960 was the witness DeVore. His testimony regarding the conversation with DeVore is entirely consistent with the fact that he referred to the old back injury and that he was suffering as a result thereof. The commission, therefore, as the trier of the facts, might well have concluded—after reviewing the entire record—that petitioner did not injure his back on that day but that his complaints had

reference to the simple fact that his back was hurting him. The testimony of the petitioner gives some credence to that view since he did not report the matter to his employer for a considerable time after the alleged injury. Nor did petitioner seek medical aid or attention before his employment was terminated on May 25th, although he had an opportunity while in Tucson on May 23d to consult a doctor in reference to his alleged injury.

Petitioner was examined for the first time after the injury by Dr. Warren D. Eddy, Jr. on June 20, 1960. The doctor's diagnosis was as follows:

"* * * strain to his back superimposed on an old injury and surgery of the spine."

■ In reference to petitioner's second assignment of error, that the "referee erred in the admission of certain testimony at the hearing" and "in the exclusion of certain other testimony", the petitioner has failed to disclose the nature or manner of such alleged error. Nor has petitioner stated what testimony was erroneously admitted and what testimony was excluded that should have been admitted. Such allegations cannot be intelligently refuted or answered and therefore Assignment of Error

---

1. "Q Had he ever complained of his back prior to that?
"A No, when he first came out he said he couldn't do heavy work.

"Q You knew he had back trouble, he never hid that from you?
"A Yes, he said he had trouble with his back."

No. 2 will not be considered. Lee v. Nichols, 81 Ariz. 106, 301 P.2d 1022 (1956).

The record supports the Commission's finding that petitioner failed to carry his burden of proving that he sustained a compensable injury on May 13, 1960.

The award is affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS and LOCKWOOD, JJ., concur.