375 P.2d 733

Karl HAUSWIRTH, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, and Jack Cnummard, H. R. Larson, and A. R. Kleindienst, its members, and Merritt-Chapman and Scott Corporation, Respondents.

No. 7523.

Supreme Court of Arizona,

En Banc.

Nov. 8, 1962.

---

Johnson & Shelley, Mesa, for petitioner.

Ben P. Marshall, Phoenix, for respondent Industrial Commission of Arizona; Donald J. Morgan, Edward E. Davis, C. E. Singer, Jr., and Lorin G. Shelley, Phoenix, of counsel.

LOCKWOOD, Justice.

This is a proceeding by certiorari to review the action of the Industrial Commis-

sion in refusing compensation to petitioner for injuries he claims to have sustained while employed by Merritt-Chapman and Scott Corporation (hereafter referred to as Merritt-Chapman) as a carpenter in the construction of Glen Canyon Dam near Page, Arizona.

On about May 18, 1961, Karl Hauswirth, the petitioner, was engaged in placing timbers or "ribs" in large structural steel forms, which were to be used in the spillway of the dam. Hauswirth was lifting the timbers, which weighed approximately fifty to sixty pounds, and holding them in place while one Francis Gameinhardt "spiked" or nailed the struts to hold the timbers in place. While so engaged Hauswirth claimed he felt a pain run through his back and right leg and immediately complained of it to Gameinhardt. Although continually complaining the remainder of that day and the next day, which was Friday, he remained at his job. After work on Friday petitioner accompanied a group of other workers in a car trip to Mesa, Arizona, in order that he might spend the weekend with his family. During the course of the automobile ride the pain in his back and leg intensified to extreme discomfort and when his associates returned to his home to pick him up the following Sunday afternoon to drive back to work he was unable to return with them due to his condition.

On Saturday, May 20, Hauswirth consulted Dr. Keith A. Wintle, who recommended that myelogram studies be made. The studies revealed a herniated disc syndrome. A laminectomy operation to remove the herniated disc material from Hauswirth's spinal column was recommended and subsequently performed on June 20th, by Dr. William Elston.

On May 26th, Hauswirth wrote to the personnel manager of Merritt-Chapman regarding his absence from work, and asking whether he was eligible for hospitalization and "Workers Compensation." In the letter he stated that in the past he had had pain in his right calf which he referred to as a "charlie-horse" and also advised that the doctor had discovered a "hernia of the lower spine." He also stated that the doctor "told me it was caused from heavy lifting, of which I did a lot in my 47 yrs." In the same letter he stated that he had never been bothered with a "sore back" before this. Dr. Wintle had consulted with and treated Hauswirth several times beginning February 21, 1961, for sciatic rheumatism. In a letter report dated August 5, 1961, Dr. Wintle stated that Hauswirth had complained of pain in his right leg, and upon one occasion of "pain in leg and back" when walking from a parking lot to a store. However in the same letter Dr. Wintle stated:

"It is my opinion that all the visits prior to Mr. Hauswirth's employment in Page, that he did not have a herniated disc syndrome. I feel that this

is due to the heavy type of lifting that this man has done, however, this man cannot give a date for this specific accident."

At the hearing before the Commission his co-worker Francis Gameinhardt testified that he had never heard Hauswirth complain of any back ailments prior to Thursday, May 18th; that on that date Hauswirth complained of a "cramp" in his leg and continued to complain on Friday when the two of them drove back to Phoenix together, and that Hauswirth was unable to return to work the following Monday. At the hearing Dr. Wintle testified that it was his opinion Hauswirth did not have a herniated disc when he first consulted the doctor in February of 1961 "because there was a lack of signs to support it." He further testified that it was difficult to say when the disc became herniated but generally that a herniated disc would cause serious pain to the patient soon after the occurrence of such a condition, being within a week or possibly sooner. He further testified that the type of employment in which Hauswirth was engaged could result in a herniated disc.

On August 26, after being informed by Dr. Wintle of possible benefits under the Workmen's Compensation Act, A.R.S. § 23–901 et seq., Hauswirth filed a claim and report with the Industrial Commission. The Commission entered its findings and award on September 12, 1961, for a noncompensable claim, giving as the reason for such award that the file records failed to substantiate that petitioner sustained injury by accident arising out of and in the course of his employment. A rehearing was held on November 9, 1961, (at which the testimony above mentioned was adduced) and the Commission affirmed its previous findings and award. Petitioner sets out as his sole grounds on appeal that the findings and award of the Commission are contrary to, and are not supported by the evidence.

■ It is true that the burden of proof is upon the applicant to establish by a preponderance of the evidence every material element of his claim and there is no burden on the Commission to disprove such claim. We have repeatedly held that if there is a conflict in the evidence the finding of the Commission will not be disturbed, and where more than one inference can reasonably be drawn from the facts presented the drawing of such an inference is exclusively in the province of the Commission, and the Court will not disturb such a conclusion unless it is manifestly arbitrary. Harrington v. Industrial Commission, 84 Ariz. 356, 328 P.2d 311 (1958).

■ It is undisputed that petitioner did heavy work while employed with Merritt-Chapman for about sixty days immediately prior to May 18th, the date of the alleged accident. If an injury did exist before the alleged accident, it did not interfere

with his ability to work. Immediately after that date he began to suffer and complain, and was so incapacitated that he could not continue working, and had to undergo an operation to remedy the situation. He had not complained before the accident of any back ailments, but, thereafter he complained of pain continually.

It thus appears that the Commission in refusing to award petitioner compensation for his injuries has arbitrarily chosen to disregard not only the testimony of petitioner but also that of the corroborating witnesses and reports. The Commission erred in its award of non-compensable claim and acted without competent facts to sustain its position. It seems, from all the evidence and all the reasonable inferences that may be drawn from it, that no other possible conclusion could be drawn than that either the petitioner sustained a herniated disc at the time alleged or his condition was aggravated at that time. In either event he would have sustained a compensable injury arising out of and in the course of his employment. Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960). The Commission's finding to the contrary can only be based upon surmise and conjecture. Award set aside.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.