422 P.2d 398

Betty Jean **FAULKNER**, Alleged Widow, and **Paula Faulkner and Lee Annie Faulkner,** Minor Children, Petitioners, in the Matter of Harold F. Faulkner, Deceased,

v.

The **INDUSTRIAL COMMISSION** of Arizona and Pete King and Son Painting Contractors, Inc., Respondents.

No. I CA–IC 107.

Court of Appeals of Arizona.

Jan. 16, 1967.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Harry J. Cavanagh and Richard E. Mitchell, Phoenix, for petitioners.

Robert K. Park, Chief Counsel, by Glen D. Webster, Phoenix, for respondents.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission denying death benefits to the petitioners as a result of the death of their father Harold F. Faulkner.

We are called upon to determine whether the finding of the Commission that the death of Mr. Harold F. Faulkner did not arise out of or in the course of his employment is reasonably supported by the evidence. Findings of the Industrial Commission, if reasonably supported by competent evidence, will not be disturbed on appeal. Nebel v. Industrial Commission, 3 Ariz.App. 171, 412 P.2d 740 (1966).

The facts necessary for a determination of this matter are as follows: Harold F. Faulkner, a painting superintendent for the respondent Pete King and Son Painting Contractors, Inc., was found dead on the ground near a high-rise building then under construction in Phoenix, Arizona, on the morning of 21 May 1964. The body was discovered sometime before 6:05 a. m., at which time the Phoenix police officers were called to the scene. The body was taken to the mortuary where the temperature of the body was taken at 7:20 a. m. and was recorded at 92°. At the hearing held before a Commission referee pursuant to the request of the petitioners, Dr. Thomas Jarvis, Chief Assistant Medical Examiner for Maricopa County, testified that in his opinion based upon the temperature, it was medically probable that the time of death was between 2:30 a. m. and 3:30 a. m. on 21 May 1964. It was stipulated that sunrise occurred at 5:20 a. m. on that date. The cause of death was listed on the death certificate as multiple injuries due to impact of fall from height.

Respondent-employer had a contract to do the painting on the building where the accident occurred, but the evidence indicates that the painting was scheduled to begin several days later between 28 May and 3 June 1964. As the brief of the petitioner points out, the evidence also indicates that Harold Faulkner had consumed several alcoholic drinks the night of 20 May 1964, and had a "domestic spat" with his former wife.

The burden of proving that the accident resulting in decedent's death rose out of and in the course of decedent's employment, rests with the petitioner. Harrington v. Industrial Commission, 84 Ariz. 356, 328 P.2d 311 (1958). It is petitioner's contention that the testimony establishes that the deceased was in the habit of arriving at work very early and in the habit of visiting the job sites before actual work was to commence. Even assuming this to be the case, this would not account for petitioner's presence on the building in question between 2:30 and 3:30 a. m. on the morning in question.

Petitioner also attempted at the hearing below and before this Court to show that the death occurred at a time later than that indicated by Dr. Jarvis in his direct testimony, in order that the Commission infer that the deceased was, with the aid

of daylight, inspecting the job. On cross-examination the following took place:

"Q: So that we can say as a matter of medical probability that it is consistent with these facts that we are able to ascertain from looking at what reports we have that Mr. Faulkner died at—what did we say, 4:50, or there abouts?

"A: No, I do not agree with your statement.

"Q: Well, let's go back and ask you again. Considering the variables these have, these different situations, that vary with the different individuals, right?

"A: Yes.

"Q: And temperature and that sort of thing?

"A: Yes.

"Q: It is, I take it, within your medical experience possible that he died as late as 4:50 or there abouts?

"A: Yes, here you changed a word.

"Q: You agree with that, all right, and the real problem that all of us face is that not knowing the other factors, and not having an eye witness there is really no way to tell with any real degree of accuracy at which end of the spectrum this actually occurred. Is that a fair statement?

"A: That's correct."

The facts were sufficient from which the Commission referee and the Commission itself could reasonably find that Mr. Faulkner died between 2:30 and 3:30 a. m. on the 21st day of May. The testimony does not support an inference that Mr. Faulkner died near 5:20 a. m., the hour of sunrise on that date.

 While it is true that there is a strong presumption against suicide which extends to industrial compensation cases,

see Sutter v. Industrial Commission, 4 Ariz. App. 392, 420 P.2d 964, filed 7 December 1966, where an accident does occur it must be shown to have arisen out of and in the course of decedent's employment, and the testimony is sufficient from which the Commission referee and the Commission could reasonably find that decedent's presence on this building was not in the course of or arising out of his employment.

The award is affirmed.

DONOFRIO and STEVENS, JJ., concur.