[Civil No. 387.   Filed January 17, 1894.]

[36 Pac. 36.]

JOHN H. MARTIN, Plaintiff and Appellant, v. SANTA CRUZ WATER STORAGE COMPANY, Defendant and Appellee.

1. CORPORATIONS—OFFICERS—SALARIES—POWER OF DIRECTORS TO VOTE THEMSELVES SALARIES—RATIFICATION.—A resolution by a quorum of the board of directors of a corporation, voting one of their number, whose vote was necessary to its passage, a salary as secretary, is void, unless ratified by the shareholders in an unequivocal, clear, substantive act, done in full view of the material facts.

2. SAME—RESOLUTION OF DIRECTORS CONCERNING SALARIES TO MEMBERS OF BOARD — RATIFICATION — KNOWLEDGE BY STOCKHOLDERS INSUFFICIENT.—The subsequent ratification at a stockholders' meeting of another resolution, passed at the same meeting as the resolution fixing the salary of the secretary, does not constitute a ratification of the salary; nor does the fact that the minutes of the meeting containing the objectionable resolution were before the stockholders in itself convey any idea of the ratification.

3. SAME—SAME—SAME—RESOLUTION BY DIRECTORS INCREASING SALARY NOT A RATIFICATION.—A resolution to increase the salary of secretary passed by the board of directors composed in part of the directors who voted for the obnoxious resolution will not be treated as a ratification, even if they could ratify their own illegal act.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Charles W. Wright, and William H. Barnes, for Appellant.

"A majority of the whole board of directors constitute a quorum. When the meeting is properly called, and a majority attend, the majority may proceed to transact business. If a majority be present, a majority of that majority bind the board and the corporation, although they are a minority of the whole board." *Wells v. Rahway etc. Co.*, 19 N. J. Eq. 402; *Cahill v. Bangor etc. Ins. Co.*, 12 Me. 354; *Cahill v. Kalamazoo etc. Ins. Co.*, 2 Doug. (Mich.) 124, 43 Am. Dec. 457;

*Ex parte Willcocks,* 7 Cow. 402, 17 Am. Dec. 525; *People* v. *Walker,* 2 Abb. Pr. 421; *Sargent* v. *Webster,* 13 Met. 497, 46 Am. Dec. 743.

In *Buell* v. *Buckingham & Co.,* 16 Iowa, 284, 85 Am. Dec. 516, it was held that ''A majority of a quorum of a board of directors of a corporation at a meeting at which a bare quorum is present, may bind the corporation.''

The by-laws of a corporation provided that the president and two directors should constitute a quorum of the board. At a meeting at which the president and but two of the directors were present, a sale of the property of the corporation was made to the president. *Held,* that the sale was invalid for want of power. *Clark* .v. *American Coal Co.,* 86 Iowa, 436, 53 N. W. 291. See, also, Beach on Private Corporations, sec. 276; *Bagaley* v. *Pittsburgh etc. Co.,* 146 Pa. St. 478, 23 Atl. 837.

The court below instructed the jury unqualifiedly that plaintiff could not recover for services rendered prior to June 20, 1891. This on the grounds that it was not within the province of the board of directors to vote remuneration for services already performed. As a general proposition this may be true, but in *Bank* v. *Drake,* 29 Kan. 311, 44 Am. Rep. 646, the court said: ''As this case goes back for a new trial, we desire to add, to guard against any misconception, that we do not agree with all the authorities heretofore cited as to the lack of power on the part of the directors to appropriate money in payment of the salary of the cashier or other officers, after the services have been rendered, and in cases where such cashier or other officer happens to be a director, we think the rule is, in the absence of positive restrictions, that an executive officer like that of cashier is entitled to a reasonable compensation for his services, and that the directors have power to fix the salary after the expiration of the term of office, and this though the appointee is also a director and continues to be such, while holding the independent office.'' See. also, *St. Louis etc. Co.* v. *Tiernan,* 37 Kan. 606, 15 Pac. 544.

Selim M. Franklin, for Appellee.

Two propositions of law are well established:—

First—That where a director performs services as secretary or otherwise, without any agreement that he should be

paid therefor, a subsequent resolution that he shall receive back-pay is void;

Second—That as the plaintiff was interested in the proposition before the board he was not competent to form a quorum thereof, and the act of the board for that reason was void.

Cook on Stockholders says: "A salary or back-pay voted to a director after the services have been rendered cannot be enforced. It is invalid and void. It is the same as giving away the assets of the corporation." Sec. 657, p. 756.

Where a director of a railway company is appointed treasurer, and no provision at the time is made for his compensation, he will have no right to claim pay for the same, and the subsequent allowance of the claim in his favor will not entitle him to recover." *Holder* v. *Bloomington etc. R. R. Co.,* 71 Ill. 106, 22 Am. Rep. 89; *Gridley* v. *L. B. and M. R. Co.,* 71 Ill. 200.

It is held in Missouri that a director of a corporation, appointed secretary thereof, is not entitled to compensation for services as secretary in the absence of an express agreement therefor prior to the rendition of the services. *Pfieffer* v. *Lanberg Brick Co.,* 44 Mo. App. 59.

On the point that where the vote of the director himself is necessary to carry such a resolution such resolution is void, Cook says: "There is strong authority to the effect that the directors cannot vote a salary to themselves, even in advance of their services as directors. Certain it is that a resolution to pay a director for his services is not enforceable, even when made before his services are rendered if the vote of the director who is interested is necessary to carry the resolution." Cook on Stockholders, sec. 657, p. 755; *Butts* v. *Ward,* 37 N. Y. 317; *Ward* v. *Davidson,* 89 Mo. 445, 1 S. W. 846; *Gardiner* v. *Butler,* 30 N. J. Eq. 702; *Jones* v. *Morrison,* 31 Minn. 140.

Appellant in his brief endeavors to show that the resolution of the board of directors was ratified because not disavowed or annulled at the subsequent meetings of the directors and stockholders.

The answer is this: If the resolution did not, as to services rendered prior to June, 1891, create any contract at all, then there was nothing to ratify.

BAKER, C. J.—The facts of this case are substantially as follows: The corporation was represented by a board of directors consisting of five members, named C. P. Sykes, C. H. R. Fitzgerald, F. W. Wright, F. C. Hollis, and the appellant, John H. Martin. Three of these—Martin, Fitzgerald, and Sykes—constituting a quorum, met upon February 3, 1891, and proceeded to elect appellant secretary of the corporation. At the same time they adopted a by-law which in effect authorized the board of directors to appoint a secretary and fix his salary. It is certain that the appellant voted for both of the propositions, his vote being necessary to any action at all. It is likewise certain that he assumed the duties of that office immediately upon his selection thereto. There was then no salary affixed to the office. Again, these three directors met, on June 20, 1891, no other director being present, and proceeded by a resolution to vote the secretary a salary of eighteen hundred dollars per annum, which was to commence as of February 2, 1891, five months prior thereto, and payable monthly. The appellant cast his vote for this resolution; otherwise, it was never passed at all, for his vote was essential to its adoption. All of this sufficiently appears from the record. This salary not being paid, the suit was commenced to enforce payment of eight hundred dollars, claimed as a balance for services as such secretary from February 2, 1891, to September 2, 1891. The appellant had judgment for two hundred dollars, and being dissatisfied, brings this appeal. It is conceded that he performed the duties of the office, whatever they were, from February 2, 1891, to September 2, 1891. Unless this transaction was ratified by the corporation or shareholders in an unequivocal, clear, substantive act done in full view of the material facts, it would be a reproach to the administration of justice to suffer a recovery. The appellant was a director of the corporation, and intrusted with its interest in a fiduciary capacity. He owed to his principal his fair, impartial, and distinterested judgment in fixing the salary of its secretary. The corporation had the right to demand of him his entire vigilance in its behalf. It is intolerable that an agent be suffered to act at the same time, in the same matter, for himself and principal too. The result of such a course, if allowed, would be manifest. The act of a fiduciary agent in dealing with the subject-matter of his trust or the

interest intrusted to his care and keeping to his own individual gain and profit is viewed by the courts with great jealousy, and will be set aside on slight grounds. The doctrine is founded on the soundest morality, and is frequently recognized. *Oil Co.* v. *Marbury,* 91 U. S. 587. All transactions so tainted are voidable without regard to the fairness or honesty of the act, *Graves* v. *Mining Co.,* 81 Cal. 303, 22 Pac. 665, and so a director of a corporation cannot vote himself a salary. *Ward* v. *Davidson,* 89 Mo. 445, 1 S. W. 846; *Butts* v. *Wood,* 37 N. Y. 317. The rule is enforced with great rigor against officers voting themselves salaries. Thompson on Liability of Officers, 351. They cannot properly act on, nor form part of a quorum to act on, a proposition to increase their compensation. *Bank* v. *Collins,* 7 Ala. 95. Certainly they cannot vote themselves "back pay." It is like giving away the assets of a corporation. Cook on Stocks and Stockholders, sec. 657, p. 756; *Holder* v. *Railroad Co.,* 71 Ill. 106, 22 Am. Rep. 89. If they sue for the salary so created, they must recover upon an express contract to pay. They cannot recover *quantum meruit. Jones* v. *Morrison,* 31 Minn. 163, 16 N. W. 854. There are many authorities to the same import. *Gardner* v. *Butler,* 30 N. J. Eq. 702; *Goodin* v. *Canal Co.,* 18 Ohio St. 169, 98 Am. Dec. 95; 1 Beach on Private Corporations, par. 201. But it is contended that the shareholders ratified the transaction. The directors, at the meeting, June 20, 1891, voted a salary to the secretary, and also authorized the issuance of certain bonds of the corporation. At a shareholders' meeting upon July 11, 1891, by resolution the act of the directors upon June 20, 1891, authorizing the issuance of such bonds, was ratified in express terms, but not a word was said about the salary of the secretary. The express ratification of one resolution passed at a given meeting and silence as to another passed at the same time is of more than slight significance. Just how it can be argued that such a state of matters supports a ratification of the resolution concerning which there was profound silence is difficult to understand. The fact that the minutes of the meeting containing the objectionable resolution were before the shareholders' meeting would not alone convey any idea of ratification. Nor is the contention that there was a ratification at a meeting of the directors held on September 6,

1891, tenable, for these reasons: That was a meeting of the board of directors, composed in part of the very directors who voted for the obnoxious resolution. It was not a meeting of the shareholders. The act claimed as a ratification is not a direct, substantive act with that object in view. In effect, it was an effort to increase this same salary; that is all. "That the secretary of the company, for his services as such, shall receive the sum of two thousand five hundred dollars per annum, instead of the sum of one thousand eight hundred dollars, as at a previous meeting ordered." We have as a result, should we treat this action as a ratification, some of the very same directors who voted for the vicious resolution indorsing their own wrongful act. But, in our opinion, that was not the intention of the directors, even if they could ratify their own illegal act; and we are not disposed to treat that as an indorsement which is so far removed, and can only be reached by a long line of inferences. In such a case as this, where a director votes himself into an office which at the time has no salary, and long afterwards votes himself a salary for his services in the office, making the salary to commence as of the day he obtained the office, we think the rule as to ratification should be such that for an act to be deemed a ratification, it must be done in full view of all the material facts and be an independent substantive act; in other words, it must amount to actual ratification, involving an express intention to adopt the act as the act of the corporation. Trifling laches, slight acquiescence, a brief season of silence, or remote inferences ought not to be suffered to give vitality to such shady transactions. 2 Morawetz on Corporations, par. 628; 17 Am. & Eng. Ency. of Law, p. 165. Our attention has not been directed to any other act or acts claimed as constituting a ratification. We are of the opinion that the instructions fairly presented the law governing the case. Had the appellee complained of the verdict and judgment against it for two hundred dollars, and brought its appeal here, doubtless it would have been sustained. The judgment must be affirmed.

Rouse, J., concurs.

Hawkins, J., concurs in the judgment.