[Civil No. 3764.   Filed November 8, 1937.]

[73 Pac. (2d) 104.]

HARRY J. KARNS, Petitioner, v. THE INDUS-
TRIAL COMMISSION OF THE STATE OF
ARIZONA, and J. NEY NILES, SAM W.
PROCTOR and L. C. HOLMES, Members of Said
THE INDUSTRIAL COMMISSION OF ARI-
ZONA, Respondents.

Messrs. Duffy & Robins, for Petitioner.

Mr. Don C. Babbitt and Mr. Howard A. Twitty, for Respondents.

LOCKWOOD, J.—Harry J. Karns, hereinafter called petitioner, has appealed to this court from an award of the Industrial Commission of Arizona, hereinafter called the commission, denying compensation for a certain accident which resulted in injury to him, on the ground that the evidence was insufficient to establish that petitioner was an employee of the San Andres Distilleries, an Arizona corporation, hereinafter called the company, and the further ground that the policy of insurance issued by the commission in favor of said company did not cover accidents to persons sustaining the relationship to the company which petitioner did at the time of the accident.

The petitioner bases his appeal upon two propositions of law, which he states as follows:

"An employee of a corporation does not lose his status as such employee under the Workmen's Compensation Law by reason of the fact that he may also be an officer of the corporation."

"An insurer and assured may not enter into a contract of insurance which will defeat payment of

compensation to an employee entitled thereto under the Workmen's Compensation Law.''

Assuming, for the sake of argument only, that these propositions correctly state the law, we think they are immaterial for the reason that, under the evidence, the commission was justified in finding as it did that petitioner was not at the time of the accident and injury involved herein an ''employee'' of the company. The evidence bearing on the question of the employment, taken in the strongest manner in behalf of the petitioner as, for the purpose of this issue, we shall consider it, is as follows: San Andres Distilleries was an Arizona corporation, and at the time of the accident involved herein its affairs were managed by a board of directors, consisting of petitioner, W. F. Scott, W. G. Elmslie, H. A. Hamilton, and Harold D. Riter. Petitioner was president and Scott was secretary of the corporation, and these two directors resided in Nogales, Arizona; the other three being residents of the state of Colorado and representing certain Colorado stockholders who had invested a considerable amount of money in the company. None of the officers or directors received any salary or compensation for their services as such. Early during the construction of the distilling plant of the company, petitioner assumed a certain advisory control thereover, in his capacity as president, but at some time between September 1 and November 16, 1935, it was agreed between petitioner and Scott that the former was to be employed as superintendent of construction for the company, at a salary of $50 per week, beginning November 24th. On November 26th, while petitioner was engaged about the distillery plant, another employee was cutting a bolt to repair a spring on a truck, and the end of the bolt accidentally hit petitioner in the left eye, causing him serious injury. At the time the company was insured, under the Com-

pensation Act (Rev. Code 1928, § 1391 et seq., as amended), with the commission by the latter's policy No. 5300. This policy contained the following provision:

"Anything in this policy to the contrary notwithstanding, it is understood and agreed that this policy does not extend to or cover any employee of the Insured, having the title of President, Vice-President, Secretary, or Treasurer, or any combination of such titles, with or without other titles, and the earnings of any such persons shall not be included for computation of premium."

Application was duly made for compensation, and the commission made the following finding and award:

"2. That at said time said employer was insured against liability for compensation imposed by said law by the above named defendant insurance carrier.

"3. That the evidence is insufficient to establish that the applicant was an employee of the above named defendant employer.

"4. That the evidence is sufficient to establish that the applicant was the president of the firm doing business under the name of San Andres Distilleries and as such was specifically excluded from coverage under the terms of the policy issued by the above named defendant insurance carrier insuring the above named defendant employer against liability under the Workmen's Compensation Law.

"Award.

"Now, therefore, it is ordered that the applicant take nothing from the defendants, or either of them, by reason of said claim."

Would the above statement of facts sustain the finding that petitioner was not, within the meaning of the law, an employee of the company entitled to compensation for his services at the time of the accident? It is the contention of the commission that when a director of a corporation enters into a contract with the corporation, whereby he is to receive compensation for services rendered by him to the corporation, that such

contract is voidable at the option of the corporation, and that the insurance carrier for the corporation has the same right to declare the contract void as has the corporation itself.

There can be no question that since the insurance policy provides that the insurance carrier may defend all claims against the employer under the Compensation Act, it may make, as against the petitioner, any defense which the company itself could have made. Let us then consider whether or not the alleged contract of employment was a voidable one. We have had a like question before us in two cases. The first was that of *Martin* v. *Santa Cruz Water Storage Co.,* 4 Ariz. 171, 36 Pac. 36; and the second was *Monterey Water Co.* v. *Voorhees,* 45 Ariz. 338, 43 Pac. (2d) 196, 199. In the last cited case, in discussing the question as to whether the president and general manager, a director of the Monterey Water Company, was entitled to draw a salary for his services, we said:

"We consider then as to whether this salary is a legitimate claim against the corporation. No salary for this period was ever formally authorized by a vote of the stockholders or directors, Bryant's claim therefor thus having no basis except such as may be implied by the approval of the account rendered by him to the board of directors on June 30, 1932. Ordinarily the approval of an account rendered by a general manager would be considered an approval of the board of directors of any salary for which he claimed credit in his account. It appears, however, that the particular board of directors which approved this account was unquestionably dominated by Bryant. Under such circumstances, the account may be questioned by the stockholders at any time before the statute of limitations has run, and in order to sustain its approval it must appear that it was in all respects fair to the corporation and made in the utmost good faith. [Citing cases.] The chief item of the account which is questioned by the present stockholders of the corporation is the salary of $200 per month, and it is urged

that a salary of this amount for the six or eight hours of labor per month which is the maximum Bryant admittedly devoted to the affairs of the corporation is unjust and exorbitant, and is governed by the rule laid down in *Martin* v. *Santa Cruz Water Storage Co.,* 4 Ariz. 171, 36 Pac. 36. This was a case where the secretary of the corporation was voted a salary by the board of directors under circumstances which made his vote as a director necessary to approve the action of the board. The salary was not paid in full, and suit was brought to enforce its payment. The court in passing on the transaction said as follows:

" ' . . . Unless this transaction was ratified by the corporation or shareholders in an unequivocal, clear, substantive act done in full view of the material facts, it would be a reproach to the administration of justice to suffer a recovery. The appellant was a director of the corporation, and intrusted with its interest in a fiduciary capacity. He owed to his principal his fair, impartial, and disinterested judgment in fixing the salary of its secretary. The corporation had the right to demand of him his entire vigilance in its behalf. It is intolerable that an agent be suffered to act at the same time, in the same matter, for himself and principal too. The result of such a course, if allowed would be manifest. The act of a fiduciary agent in dealing with the subject-matter of his trust or the interest intrusted to his care and keeping to his own individual gain and profit is viewed by the courts with great jealousy, and will be set aside on slight grounds. The doctrine is founded on the soundest morality, and is frequently recognized. (*Twin-Lick Oil Co.* v. *Marbury,* 91 U. S. 587, 23 L. Ed. 328). All transactions so tainted are voidable without regard to the fairness or honesty of the act, *Graves* v. *Mining Co.,* 81 Cal. 303, 22 Pac. 665, and so a director of a corporation cannot vote himself a salary. (*Ward* v. *Davidson,* 89 Mo. 445, 1 S. W. 846; *Butts* v. *Wood,* 37 N. Y. 317). The rule is enforced with great rigor against officers voting themselves salaries. Thomp. Liab. Off., 351. They cannot properly act on, nor form part of a quorum to act on, a proposition to increase their compensation. *Branch Bank* v. *Collins,* 7 Ala. 95. Certainly they cannot vote themselves "back pay."

It is like giving away the assets of a corporation. Cook on Stocks and Stockholders, § 657, p. 756; *Holder* v. *Railroad Co.*, 71 Ill. 106, 22 Am. Rep. 89. If they sue for the salary so created, they must recover upon an express contract to pay. They cannot recover *quantum meruit. Jones* v. *Morrison,* 31 Minn. 140, 16 N. W. 854. There are many authorities to the same import. *Gardner* v. *Butler,* 30 N. J. Eq. 702; *Goodin* v. *Canal Co.,* 18 Ohio St. 169, 98 Am. Dec. 95; 1 Beach on Priv. Corp. par. 201.' "

Petitioner cannot and does not question the rule of law laid down in these cases, but contends they are not applicable for the reason that, in both cases, the director was receiving a salary as an officer and not as an employee of the company. So far as the Monterey case mentioned is concerned, it appears the salary was paid to the director as the general manager of the corporation, and not in his capacity as president; but be that as it may, we think the same rule, by every principle of justice and logic, applies whether the salary is called that of an officer or employee.. The reason for the rule is that it is the duty of a director of a corporation to place its interests first in opposition to all others, when he acts as director, and that when, in his individual capacity, he attempts to make a contract with the corporation whereby he may secure a pecuniary profit, his interests as director and contractor are so opposed that any such contract may be attacked as voidable.

■■ In the present case it appears that, while the corporation had a board of directors consisting of five members, the only ones who knew anything about the alleged employment of petitioner were himself and Scott, the secretary of the corporation. Certainly, an employment of this nature which rests not even upon the action of the board of directors sitting as a board, but upon the informal approval of a minority of the members of the board, of which minority

the petitioner was one, cannot stand. It is doubtless true the fact a man is an officer and director of a corporation does not automatically and perpetually bar him from also becoming an employee on a salary; but in order to become such, the employment and the salary must at least be approved by an independent and unbiased majority of the directorate, acting at a meeting of the board, if not by the stockholders themselves. The evidence shows conclusively there never was such action, and for that reason petitioner was not at the time of the accident an employee of the company, within the meaning of the law, but was rather an officer thereof serving without pay, and, therefore, entitled to no compensation for his injury.

The award is affirmed.

McALISTER, C. J., and ROSS, J., concur.