231 P.2d 768

**O'NEILL et al. v. INDUSTRIAL FURNACES, Inc.**

No. 5442.

Supreme Court of Arizona.

May 21, 1951.

Rehearing Denied July 6, 1951.

150

H. S. McCluskey, Phoenix (Robert E. Yount and Donald J. Morgan, Phoenix, of counsel), for appellants.

Kramer, Morrison, Roche & Perry, of Phoenix, for appellee.

UDALL, Chief Justice.

The Industrial Commission of Arizona, defendant-appellant, has appealed from a judgment of the superior court entered in favor of Industrial Furnaces, Inc., plaintiff-appellee, which set aside certain orders of the commission determining amount of premiums due, and classifications and rates applicable to plaintiff's operations. The principal issue concerns the jurisdiction of the commission to enter these orders.

The facts show that plaintiff applied for a policy of insurance in the state compensation fund, representing to the commission that its operations came under "Code No. 5022, Masonry, Not Otherwise Classified" requiring a certain rate of premium. The policy was issued by the commission and plaintiff paid premiums under that classification. Upon audit the commission ascertained that plaintiff, after obtaining the policy, had contracted other work with two large industrial firms, which, according to the commission's view, fell within "Code No. 3726 as boiler installation or repairs, including construction of necessary concrete or masonry foundations," a classification carrying a higher rate of premium. In this latter work plaintiff was in competition with other contractors doing similar work who were classified under No. 3726 and who were paying the higher rate required under this classification.

The change in plaintiff's operations was not reported to the commission for an endorsement on the policy prior to plaintiff's undertaking this latter work. Subsequently, the commission entered an order changing plaintiff's classification and determining that the plaintiff owed it additional premiums based upon the higher rate under the new classification. Petition for rehearing was granted and testimony was taken. Thereafter, findings were made and an order entered by the commission reaffirming its previous order fixing the higher classification and the increased amount of premiums due from plaintiff to the state compensation fund.

Steps were taken by plaintiff to obtain a court review of the commission's orders in that the present suit was timely filed in

superior court to set aside and vacate the orders on the grounds that such orders were unreasonable and unlawful, sec. 56-914, ACA 1939. It was further alleged that the exclusive remedy of defendant for the collection of premiums was by suit under section 56-948, ACA 1939. Plaintiff has failed to recognize that there is a difference between the commission's initial right to determine the amount of premiums claimed due and the necessity of its collecting same by civil suit. Defendant filed its answer with an abstract of its record in said matter, including the reporter's transcript of the evidence taken before the commission, though no counterclaim under section 21-437, ACA 1939, Rules Civ.Proc. Rule 13(a), was made. Thereupon plaintiff filed a motion for summary judgment, citing as its sole authority our recent decision in the case of O'Neill v. Martori, 69 Ariz. 270, 212 P.2d 994. After oral argument the trial court entered judgment that said orders "and each of them is hereby annulled and declared of no force or effect whatever." These proceedings followed and the only error assigned is this ruling.

▇ It manifestly appears that the learned trial court took the view that the commission was without jurisdiction to enter orders determining classifications, rates, the amount of premiums due, and the status of employer and employee for premium purposes, and that therefore the orders were unlawful. It should be noted that there is no finding by the trial court that the classifications and rates applied to plaintiff's operations were "unreasonable", hence we are not confronted with a controverted factual situation. Under these circumstances, where only questions of law are involved, we are not bound by the conclusions of either the commission or the trial court but at liberty to draw our own legal conclusion from the record before us. Mountain States Tel. & Tel. Co. v. Sakrison, 71 Ariz. 219, 225 P.2d 707.

In a companion case decided this date, Industrial Commission of Arizona v. J. & J. Construction Co., 71 Ariz. 139, 231 P.2d 762, we have discussed and clarified the ruling of this court in the case of O'Neill v. Martori, supra. In the J. & J. Construction Co. case we upheld the validity of orders issued by the commission similar to those involved in the instant case. There is no occasion to repeat here the principles there enunciated, for we pointed out that the Martori case has been misinterpreted and is not authority for holding that the commission is without jurisdiction to enter such orders.

▇▇ We hold that the commission had the right and the authority under powers granted to it by the legislature, sec. 56-923, ACA 1939, to enter upon an inquiry to determine classifications and rates, and resulting premiums due, predicated upon these predetermined factors, and that after

152

conducting hearings at which plaintiff had the opportunity to be heard, it had jurisdiction to enter all of the orders in question. Plaintiff then had the right, which it exercised in the instant case, to have the lawfulness and reasonableness of those orders reviewed in the superior court. The trial court therefore erred in declaring as a matter of law that the orders were invalid as being beyond the jurisdiction of the commission to enter.

Judgment reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STANFORD, PHELPS and DE CONCINI, JJ., concur.