JOHN C. DAVIES *vs.* STILLMAN WHITE FOUNDRY COMPANY, INC.

JULY 21, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an original petition under the workmen's compensation act for compensation and hospital and medical expenses. After a hearing before the trial commissioner a decree was entered awarding the petitioner reasonable hospital and medical benefits. The cause is here on the respondent's appeal from a decree of the full commission affirming the decree of the trial commissioner.

The only issue before us is whether petitioner is an employee of respondent corporation within the meaning of the act.

The respondent is engaged in the manufacture of castings which consists of making molds, pouring metals into the molds, cutting off the castings from the excess metal, grinding, finishing, inspecting and shipping. The petitioner stated that he was president and treasurer of the corporation and owned 51 per cent of its outstanding stock; that another person owned the balance thereof, which amounted to 41 or 42 per cent; that he had an agreement of long standing

with the other stockholder that each had equal control in the management of the corporation; and that such agreement was in effect at the time of petitioner's injury.

It appears from the evidence that petitioner was listed as an employee in the company's books; that such list was examined by its insurance carrier semi-annually for the purpose of determining the amount of the premium due for workmen's compensation coverage; and that such premium was figured on the basis that petitioner was an employee under such coverage.

The petitioner testified that he had been working for respondent for thirteen years; that he was carried on its books as an employee; that all regular deductions were made from his weekly payroll checks as in the case of all other employees; and that he was engaged primarily in sales and service. He also testified that in addition to his work as a salesman, his duties included, when necessary, pattern work, maintenance, repairs, actual manufacturing of the pattern, welding, and maintenance and repair of equipment, and that on occasions he did anything that was required.

On March 18, 1959 petitioner injured his leg while inspecting the removal of respondent's plant from one building to another. He was at the new location with a group of engineers trying to coordinate the new equipment. While he was examining one of the machines it was accidentally started by one of the engineers and caused the injury for which he is seeking hospital and medical payments under the act. He received his full salary from respondent for the period of his disability and was not seeking any weekly compensation benefits.

The pertinent finding of fact in the decree is that petitioner was an employee of respondent at the time he sustained his injury, that such injury arose out of and in the course of his employment, and that it was connected therewith and referable thereto. The commission based such finding on its ruling that respondent was estopped from

denying that petitioner was an employee entitled to coverage since it had paid insurance premiums to its carrier on the basis that he was a working employee.

The respondent contends that the commission's ruling admitting in evidence the payment of insurance premiums based on petitioner's being listed as an employee was prejudicial error and that the commission erred in applying the doctrine of estoppel. The respondent concedes that there is no Rhode Island case directly in point, but it relies strongly on two cases, *Rosamond Construction Co.* v. *Rosamond,* Okl., 292 P.2d 392, and *Soars* v. *Soars-Lovelace, Inc.,* 346 Mo. 710, to support its contention that the commission erred in ruling that it was estopped in the circumstances. We have read those cases carefully. They are factually distinguishable from the case at bar and are not in point.

It is our opinion that in the peculiar circumstances in the instant case the commission did not err in such evidentiary rulings or in applying the doctrine of estoppel *in pais.* We believe that the carrier was under a duty to inform respondent that petitioner was not covered by the compensation insurance and respondent was under a similar duty to petitioner. As was said in *Shea* v. *Gamco, Inc.,* 81 R. I. 12, at page 17, "But silence on the part of one party in appropriate circumstances may be the basis for applying the doctrine of estoppel. * * * However, an estoppel by silence postulates the existence of a duty not to remain silent where the circumstances require one to speak lest such silence would reasonably mislead another to rely thereon to his damage."

In our opinion the failure to inform petitioner that he did not have the benefit of such compensation coverage creates an estoppel *in pais* against respondent to deny such liability. He relied on the conduct of respondent and its carrier. If the carrier had notified respondent that petitioner was not covered because he was an officer and majority stockholder,

he could have acted to protect himself against injury by procuring other forms of insurance coverage.

The respondent next contends that because petitioner was the principal officer and majority stockholder of the corporation it did not retain power of control and superintendence over him; that there is no evidence in the record to support the commission's finding that petitioner was an employee within the meaning of the act at the time he was injured; and that consequently, as a matter of law, there was no employer-employee relationship. In support of such contentions it relies heavily on certain language of this court in *Sormanti* v. *Marsor Jewelry Co.*, 83 R. I. 438, 441, and *Henry* v. *Mondillo*, 49 R. I. 261, 264.

Whether one is an employee is a mixed question of fact and law. As was said in the *Sormanti* case at page 441, "It is generally held that it is impossible to determine the relationship of employer and employee by any hard and fast rule. Ordinarily no single phase of the evidence is determinative of the question and all features thereof must be considered together. In other words, the answer to such question depends in each case upon its particular facts taken as a whole. See 1 Schneider Workmen's Comp., §220, p. 575." While it is true that the power of control of an employee by an employer is an incident to be considered in determining the existence of the employer-employee relationship, it does not follow that it is the only test. In any event, there is evidence in the instant case that petitioner gave up his exclusive power of control of the management of the corporation by entering into an agreement with the other stockholder. There is nothing in the evidence indicating that such agreement was not in effect at the time of the injury.

Moreover, the uncontradicted and undisputed evidence is that the petitioner whenever necessary performed non-executive work for the respondent which, if performed by anyone else, would make such person an employee within

the meaning of the act. In fact the work he was performing at the time of his injury was of such nature. In the circumstances it is our opinion that the evidence supports the finding of an employer-employee relationship, and the commission did not err in holding the respondent liable for the reasonable hospital and medical payments.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Coleman B. Zimmerman, Raymond J. Surdut,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.