494 P.2d 781

**Floyd L. COX, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,**

**Floyd L. Cox, Respondent Employer,**

**None, Respondent Carrier.**

**No. 1 CA–IC 657.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 15, 1972.

As Amended on Denial of Rehearings
April 5, 1972.

Review Denied May 31, 1972.

Gilbert Gonzalez, and Lawrence Ollason,
Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel,
The Industrial Commission of Arizona,
Phoenix, for respondent.

CASE, Judge.

Petitioner sustained certain injuries as
a result of a one-vehicle accident which oc-
curred in New Mexico on 23 October 1969.
A claim for benefits was filed with the
Industrial Commission which issued its
Findings and Award for Non-Compensable
Cases on 9 June 1970 holding that petition-
er was an independent contractor. Peti-
tioner timely requested a hearing which
was held and on 5 February 1971 the Com-
mission issued its Decision upon Hearing
and Findings and Award for Non-Com-
pensable Case, again holding that petitioner
was an independent contractor and that the
Commission had no jurisdiction. A Re-
quest for Review was filed and on 3 May
1971 a Decision upon Review Affirming
Decision upon Hearing and Findings and
Award for Non-Compensable Case was
issued by the Commission. This appeal
followed.

The sole question presented for our con-
sideration is:

*Did the Industrial Commission of Ari-
zona have jurisdiction in this matter?*

It is elementary that a person seek-
ing workmen's compensation has the bur-

den of proving that he is an employee within the provisions of the Workmen's Compensation Act. Ferrell v. Industrial Commission, 79 Ariz. 278, 288 P.2d 492 (1955). Our review of the evidence indicates that petitioner did not carry his burden. Petitioner contended that he was an employee but he adduced no evidence as to whom his employer might be.

The file reflects that petitioner was a self-employed truck driver who contracted to deliver merchandise for an agreed price and that the truck which he operated was his personal property.

■ Petitioner introduced into evidence a certificate of insurance with the Universal Underwriters Insurance Company which, upon a cursory reading, would seem to indicate that the said Universal had issued a "Workmen's Compensation policy" to Motor Truck Owner's Conference, Inc., of which organization petitioner was a member. A closer reading of said certificate, however, indicates that the policy, if any, which is evidenced by the certificate, provides coverage to its members and employees in accordance with Workmen's Compensation Benefits which would be paid if the member were covered by the Workmen's Compensation laws in such state.

We therefore hold that since petitioner did not establish that he was an employee, the Industrial Commission had no jurisdiction.

The award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.