523 P.2d 114

Richard A. DUNWOODY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Woody's Tree and Landscaping Service, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA-IC 942.

Court of Appeals of Arizona, Division 1, Department A.

June 11, 1974.

Rehearing Denied July 24, 1974.

Review Denied Sept. 19, 1974.

Charles M. Wilmer, Phoenix, for petitioner.

William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by J. Victor Stoffa, Phoenix, for respondent carrier.

## OPINION

OGG, Judge.

This is an appeal by way of writ of certiorari to review the lawfulness of an award of the Industrial Commission which found that the Commission was without jurisdiction to consider whether the petitioner sustained an industrially related accident. The Commission found that the petitioner was not an "employee" within ARS § 23–901, subsec. 4(b) and that he was therefore not entitled to coverage under the existing policy.

In March, 1966 a policy of Workmens Compensation Insurance was issued by the Industrial Commission to Richard Dunwoody, dba Woody's Tree and Landscaping Service. The petitioner, Richard Dunwoody, was the sole proprietor of this business. On February 18, 1972 the petitioner completed the incorporation of his business and became the president of Woody's Tree and Landscaping Service, Inc. At this

time the petitioner gave no notice to the Commission of the change in ownership of the business as required by the policy.

On April 1, 1972 the petitioner elected to cancel the policy in favor of insuring with a private carrier and notified the State Compensation Fund of his intention to do so. The following week, on April 7, the petitioner suffered the claimed industrial injury while working on a project at the Phoenix Civic Plaza. On April 18 the petitioner obtained reinstatement of the cancelled policy effective April 1, 1972 without lapse of coverage. The reinstatement was in the name of Woody's Tree and Landscaping Service with no mention of the fact that the business was now in the corporate form. The first actual notice obtained by the State Fund that the insured was incorporated was received on May 26, 1972. In this notice the petitioner instructed the Fund to transfer his interest in the policy to the corporation with the further statement that the corporation would assume liability for the insuring agreement as of February 18, 1972.

The petitioner thereafter filed a claim for benefits alleging that he was an employee of Woody's Tree and Landscaping Service, Inc., which was insured by the above policy at the time of the accident. At the initial hearing to determine if the Commission had jurisdiction to hear the claim, testimony was taken from the petitioner and three employees of the State Fund to determine if the petitioner was in fact an employee entitled to coverage under the policy. The hearing officer determined that he was not and thus the Commission was without jurisdiction to consider the compensability of the alleged injury.

This opinion will determine the following issues which are raised by the facts of the case:

1. Was the petitioner, as a corporate officer, an "employee" within ARS § 23–901, subsec. 4(b)?

2. If he was an employee at the time of the alleged incident, is he entitled to coverage under the policy naming Woody's Tree and Landscaping Service, a sole proprietorship, as the insured? Or, in the alternative, can he effectively relate back coverage to the corporation by the notice of May 26, 1972?

We will not consider the question of the compensability of the accident, there being no finding on this issue by the Commission.

■ First, we hold that under ARS § 23–901, subsec. 4(b), an employer-owner of a sole proprietorship cannot also be his own employee. The statute provides that those persons who are ". . . in the service of any employer . . ." are employees for purposes of the Act. See Cox v. Industrial Commission, 16 Ariz.App. 581, 494 P.2d 781 (1972). The petitioner cannot therefore be an employee entitled to coverage under a policy naming his sole proprietorship as the insured. The policy itself speaks in terms of protecting the employer against liability for the industrial accidents of employees and does not contemplate the insured as a beneficiary. Thus, if the petitioner is going to show that the Commission has jurisdiction to hear his claim he must prove that he is a bona fide employee of the corporation and that the belated notice of transfer effectively related back coverage to the date of incorporation.

■ In Williams v. Williams Insulation Materials, Inc., 91 Ariz. 89, 370 P.2d 59 (1962), the Arizona Supreme Court held that a corporate officer may be an employee of the corporation-insured for purposes of the Workmens Compensation Act if such officer regularly performs supervisory or physical tasks which if performed by another would confer employee status. See also Cockburn v. Industrial Commission, 7 Ariz.App. 486, 441 P.2d 252 (1968).

■ In the instant case, after the business was incorporated, the petitioner maintained his position as general manager and supervisor of the business and its activities. In furtherance of this arrangement a formal employment contract was executed

between the corporation and the petitioner on February 18, 1972 whereby the petitioner agreed to assume the duties of general manager of the corporation's business in return for an agreed salary. The existence of this agreement and the uncontroverted evidence of petitioner's performance of the agreed responsibilities persuade us to hold that he was in fact an employee of the corporation at the time of the accident.

Next, if the petitioner is going to establish the jurisdiction of the Commission, he must prove that the policy in question either actually or retroactively insured the corporation against accidents of employees at the time of his accident on April 7, 1972. We have already determined that as an employer-insured he could not be a beneficiary of the policy and therefore, because the reinstatement of April 18, 1972 was in the name of the sole proprietorship, coverage under the policy would not extend to him.

We note that there was evidence presented at the hearing that the State Fund would allow a new employee to be covered under an existing policy even though it had received no notice of his existence nor received the increased premium for him. This, however, is not the Fund's practice in regard to corporate officers who become employees. A provision in the policy requires that the "employer . . . shall immediately notify the Insurance Carrier of any transfer of his, or its ownership in the business covered by the policy." In this case notice of the transfer of the business is particularly crucial because the petitioner could not possibly be a beneficiary under the old policy but would be a potential employee as a corporate officer. This fact significantly affects the Fund's risk under the policy. The reason for the Fund's distinction between extending coverage to new employees of a business but not to corporate officers who become employees is clear and the petitioner's belated attempt to bring himself within the provisions of the policy must fail.

The case of Williams v. Williams Insulation Materials, Inc., supra, can be readily distinguished from the present case in that in Williams the policy in effect did insure the corporation and specifically contemplated officers becoming employees and thus beneficiaries under the policy. The question in that case was simply whether the injured officer was entitled to coverage in spite of the fact that the Fund had not been notified of his employment status. The Supreme Court of Arizona allowed recovery in that case but in the present case we have a policy under which the petitioner is not even contemplated as a possible employee.

We hold that the State Fund is not bound by the petitioner's attempt to bring himself within the coverage of the policy after the fact. To hold otherwise would be in effect allowing one to be insured by his own policy at no cost until such time as an accident might occur.

The petitioner has failed to establish that he is an employee entitled to compensation under the existing policy. Cox v. Industrial Commission, supra.

The award is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.